AYRES, Judge.
As pointed out when this cause was before us heretofore (La.App., 158 So.2d 457, writs refused, 245 La. 577, 159 So.2d 287), this is an action for damages arising out of the collapse of a masonry retaining wall constructed for plaintiff by the defendant at the rear of plaintiff’s residence. Included in the construction was a flower box.
From a judgment favorable to plaintiff, defendant appealed. On the appeal, the *836 judgment was reversed and the cause remanded for consideration and allowance of a credit on account of the construction of the flower box, if the evidence established that the box survived the accident. A further purpose of the remand was to fix a fee for an expert witness. In the course of our opinion, we pointed out:
“The defendant, however, is due credit for whatever value the work done inures to plaintiff’s benefit. On the estimation which formed the basis of the contract there appears an item of $106.50 for three hours’ bulldozer work and for hauling stumps. Obviously, this work would have been required in the proper construction of a retaining wall. Credit should be allowed for this item. It would appear, therefore, that plaintiff would be entitled to recover of the defendant the sum of $1,111.94, plus $22.50, less $106.50, or the net sum of $1,027.94, except for the fact that the contract provided, also, for the construction of a flower box. The .record is silent as to the construction of this box or whether it was a part of the wall itself, or if it survived the accident. Nevertheless, whatever credit, if any, defendant is due on account of the box, the record does not disclose. For the purpose of supplying this deficiency of proof, this cause must be remanded.”
Accordingly, we remanded the cause and ordered it reopened
“for the purpose of receiving evidence with reference to the flower box and the allowance of credit, if any, defendant is due on account thereof; for the fixing and taxing as cost of expert .witnesses’ fees; and for further proceedings consistent with the views herein expressed and according to law.”
On the remand, this cause was tried pursuant to the aforesaid order. The defendant was allowed a credit of $78.00 for the construction of the flower box. The expert witness fee was fixed at $100.00. From a judgment awarding plaintiff $1,027.94, less the aforesaid credit, and fixing the witness fee, as aforesaid, defendant appealed.
Defendant contends (1) that a credit for the flower box should be allowed in the sum of $100.00 and (2) that the court erred in fixing an expert witness fee, as well as in refusing to consider the credit the defendant was alleged to be due as a result of plaintiff’s use of a part of the original wall.
We find these contentions without merit and that the trial court correctly disposed of the same when, in the course of its opinion, it stated:
“Based on the evidence of Mr. Carroll, a witness for the plaintiff and an experienced subcontractor, it is my opinion the defendant should have a credit of $78.00 for the construction of the flower box.
“Plaintiff produced and filed in evidence a check for $100.00 which he testified he paid Mr. Malahy as his witness fees in this case. The evidence shows that Mr. Malahy appeared and testified on two separate occasions. It is my opinion that the fees of Mr. Malahy as an expert witness should be fixed at $100.00 and taxed as costs.
“The defendant contended that he should be permitted to introduce evidence in support of his claim that he should have credit for some portions of the retaining wall that were utilized in its reconstruction. Over the timely objection of the attorney for plaintiff, evidence relative to the utilization of portions of the retaining wall and the value thereof was introduced. But after further consideration of the order of the Honorable Court of Appeal, Second Circuit, remanding this case to the district court, it is my opinion that this case was remanded for the restricted purpose of determining the credit defendant should be allowed for *837 the construction of the flower box; and to fix the fees of the expert witness. Therefore, it is my opinion that the evidence concerning the retaining wall was immaterial, irrelevant, and inadmissible according to the order of the appellate court.”
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost
Affirmed.