REGAN, Judge.
The plaintiff, American Tile and Terrazzo Company, filed this suit against the defendant, Edward H. Keiler, endeavoring to recover the sum of $2,205.00, representing the balance due in conformity with the terms of an oral contract wherein the plaintiff agreed to install a terrazzo floor in the residence of the defendant.
The defendant answered and denied that the foregoing work had been properly performed, he then reconvened against the plaintiff in an effort to recover the sum of $55,000.00 which he asserts will represent the cost of repairing or replacing certain weight bearing brick walls which were discolored in the course of installing the floor due to the fact that the plaintiff permitted particles of white terrazzo cement or sludge to become embedded in the lower courses of the blond bricks forming part of the walls of his residence.
Following a trial on the merits, the lower court rendered a judgment in favor of the plaintiff in the amount of $2,205.00, and dismissed the defendant’s reconventional demand. From that judgment, the defendant has prosecuted this appeal.
The record discloses that the amount of $2,205.00 sought to be recovered by the plaintiff herein represents 90% of the contract price for the installation of a terrazzo floor in the defendant’s residence. It was conceded at the trial hereof that the plaintiff had performed that percentage of the work.
The respective litigants also concede that sludge or cement resulting from the grinding procedure required in the installation of the terrazzo floor, became embedded in the facing of the brick forming the interior walls of the dwelling.
The evidence adduced by the respective litigants with respect to the feasibility of removing the sludge or cement from the brick facing is irreconcilable and in hopeless conflict which the following brief resume thereof will reveal.
The defendant insists that the sludge, cement or mortar emanating from the grinding operation lodged in the porous surface of the first and second courses of brick, and that this substance solidified to such an extent that it cannot be removed without causing permanent discoloration of the bricks. In support of this contention, the testimony of George Pappas, a chemical engineer employed by the Shilstone Testing Laboratory, was offered. He related that he inspected the affected areas at the request of the defendant and endeavored to remove the terrazzo slush from the surface of the brick. These efforts were unsuccessful, and he attributed the failure thereof to the fact that the cement or mortar became bonded to the brick surface upon drying. He also applied a commercial cleaning agent to the brick surface, but in some instances this solvent caused discoloration of the brick. He was, therefore, of the opinion that the sludge could not be removed from the brick without producing discoloration of the surface thereof.
On the other hand, Brunno Zambón, the president of the plaintiff corporation, and Peter DiPol, a terrazzo floor contractor,
*352 both testified that the depositing of sludge upon the surface of the surrounding brick walls in the course of grinding terrazzo floors is a normal occurrence. They explained that such sludge is a fine, dry cement which will not solidify and adhere to a surface because by the time a terrazzo floor is dry enough to grind the cement therein has lost its binding quality and will not adhere to a dry surface.
In any event, they both insisted that the wall could be cleaned with the use of a dry scrubbing brush and the application of a brick cleanser, without causing discoloration of the bricks.
The lower court at this point was quite obviously unable to reconcile the conflicting testimony offered by the respective litigants. Consequently, he visited the property and requested the plaintiff to make an effort to clean certain areas of the brick walls, in the presence of the defendant or his representative. It was further agreed, on this occasion, that after the lapse of enough time, that is, sufficient for any chemical change to occur, the court would again inspect the area in order to determine whether discoloration of the brick had in fact occurred.
The plaintiff then proceeded to clean the bricks; thereafter the trial judge again inspected the premises and was convinced that the plaintiff had successfully cleaned the sludge or cement from the facing of the interior brick wall and that no discoloration had occurred as a result thereof.
The defendant tediously argues on the appeal hereof that the judgment of the low■er court is not supported by the weight of the evidence and that the trial court erred in visiting the locus of the dispute and in predicating its judgment on the results of the plaintiff’s successful efforts in utter disregard of the defendant’s expert testimony to the effect that the cleansing job could not be effected without discoloring the bricks.
Our analysis of the record discloses that the lower court was, to reiterate, confronted with testimony that was in hopeless conflict. Consequently, its resort to an empirical approach in arriving at a resolution thereof was not in any sense judicial error.
The jurisprudence of this state is quite uniform to the effect that a trial judge possesses the right to take into consideration his personal evaluation or observation of the disputed area, not for the purpose of supplying new evidence, but for the purpose of determining, especially when the evidence adduced by the litigants with respect thereto is in hopeless conflict, which version thereof is worthy of belief.[1]
This case provided the lower court with a classical factual situation in which to exercise its right to view the locus which provoked the dispute. If the plaintiff was correct in its assertion that it could clean the surface of the brick wall without causing discoloration or other damage thereto, any expert testimony to the contrary emanating from whatever source, obviously pales into a state of judicial insignificance. Here the contention that the plaintiff could not clean the bricks without causing damage thereto was obviously incorrect since it did clean the bricks exactly in conformity with the testimony offered in its behalf.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. Russell v. Bartlett, La.App., 139 So.2d 770 (1961); City of New Orleans v. Degelos Bros. Grain Corp., La.App., 175 So.2d 351 (1965). See also Sanford v. Thompson, La.App., 174 So.2d 865 (1965).