ELLIS, Judge.
This suit arises out of an accident between an automobile owned by Berwick Levron and operated by his wife, Meryl Usie Levron, and an automobile owned by Roy J. Brien and operated by his wife, Laverna Bond Brien. Mr. Levron is suing for his special damages, and for injuries suffered by his minor daughter, Jody, who was a passenger in his car. Mrs. Levron is suing for her personal injuries. Defendants are Mr. Brien and his insurer, Aetna Casualty & Surety Company. After trial on the merits, judgment was rendered awarding the special damages to Mr. Lev-ron, and damages for her injuries to Mrs. Levron, but denying any recovery to Jody, who was found not to have been injured. Defendants have appealed, and plaintiffs have answered the appeal, asking that damages be awarded for Jody’s injuries, and that the award to Mrs. Levron be increased.
The accident happened at Louisiana Highway 316, a two lane blacktop highway, and Burwood Street, a gravel street, which forms a “T” intersection with the highway. Immediately before the accident, both vehicles were being driven in a northerly direction on Highway 316. Mrs. Levron testified that she intended to make a left turn into Burwood Street, and that when she reached the intersection she slowed down, looked into the rear view mirror, and checked for oncoming cars. She had actuated her left turn indicator about a block or two before the intersection. She saw no traffic, and made her left turn. She said that after she completed her turn, she was struck by the Brien vehicle. At the time of the impact, she stated that her front door was just past a stop sign on the corner. The damage to her vehicle was to part of the left rear door and fender.
Mrs. Brien stated that she was overtaking the Levron vehicle, and pulled out to pass when about 100 feet behind. As she approached, she saw the Levron vehicle edge over into the passing lane. Mrs. Brien sounded her horn and applied her brakes, but was unable to avoid the accident. She fixed the point of impact at the edge of the pavement of Highway 316. Damage to her vehicle was to the right front.
The investigating officer fixed the point of impact at the edge of Highway 316. He measured 72 feet of skid marks left by the Brien vehicle to the point of impact, which indicated that, when the brakes were applied, the Brien vehicle was entirely in the passing lane except for the right rear wheel, which left five feet of skid marks in the northbound lane before crossing the center-line.
Other evidence in the record reveals that, despite a slight bend about 375 feet south of the intersection, there is a clear view down Highway 316 for about two tenths of a mile to the south.
The district judge concluded from the above that Mrs. Brien was operating her vehicle at an excessive rate of speed, that she applied her brakes while still entirely in the northbound lane of traffic, lost control of her car and skidded across the highway to the point of impact. He also concluded that Mrs. Levron had completed her left turn before the impact occurred.
As we interpret the evidence, it is clear that Mrs. Brien was almost entirely in the passing lane when she applied her brakes, and that the rear of Mrs. Levron’s car was still partially obstructing the passing lane when the impact occurred. In concluding otherwise, the trial judge was manifestly erroneous, since the physical evidence can lead to no other conclusion.
Under the provisions of R.S. 32:104, a driver may not turn a vehicle at an intersection unless the movement can be made with reasonable safety. Our courts have consistently held that such a motorist has the burden of ascertaining that the way is clear, both of oncoming and overtaking traffic, and must yield the right of way to such traffic. Husser v. Bogalusa Coca Cola Bottling Company, 215 So.2d 921 (La.App. 1 Cir. 1968).
In this case, Mrs. Levron, who testified that she looked in her rear view mir *368 ror when she actuated her left turn signal and again just before turning, did not see the Brien vehicle, although it was there to be seen. She commenced her left turn at a time when it could not be completed with reasonable safety. Her negligence in these respects precludes her recovery.
Mrs. Levron testified that at the time of the accident, she was going to her new home, where her husband had instructed her to move some doors. Since she was on a community mission, her negligence is imputable to her husband, and precludes his recovery as well.
Since we agree with the trial judge that no personal injuries were proved for Jody Levron, we need not consider the question of Mrs. Brien’s negligence.
The judgment appealed from is reversed insofar as it relates to Mr. Levron, personally, and Mrs. Levron, and there will be judgment herein in favor of defendants, Roy J. Brien and Aetna Casualty & Surety Company, dismissing plaintiffs’ demands at their cost. Insofar as it pertains to Ber-wick Levron, for the use and benefit of his minor child, Jody Levron, the judgment is affirmed.
Reversed in part, affirmed in part, and rendered.