288 So.2d 690 (1974)
Joseph MATURIN, Plaintiff-Appellee,
v.
Mr. and Mrs. Willie M. DRONET, Defendants-Appellants.
No. 4411.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
*691 Shelton & Cline by Jim M. Miller, Jr., Rayne, for defendants-appellants.
Mouton, Roy, Carmouche & Hailey by John A. Bivens, Lafayette, for plaintiff-appellee.
Before FRUGÉ, MILLER and PONDER, JJ.
FRUGÉ, Judge.
Joseph Maturin, plaintiff, instituted this tort suit for property damages allegedly sustained as a result of a vehicular collision between his own car and that of Mr. and Mrs. Atlas Dronet, defendants in this suit. The accident occurred on West Northern Avenue in Crowley, Louisiana, at approximately 8:00 P.M. on Friday, September 24, 1971. The lower court, after a trial on the merits, determined that the defendant was negligent in striking the plaintiff's parked automobile from the rear, and that this negligence was the legal cause in fact of plaintiff's damage. From this factual determination defendant, Atlas Dronet, has appealed. We affirm.
Prior to our consideration of the merits of this case, we take note of the following facts. The suit was originally but incorrectly filed against Mr. and Mrs. Willie M. Dronet. The defendants pointed out by an amendment and supplemental answer that the correct nomenclature was Atlas Dronet and that Willie M. Dronet was the wife of Atlas Dronet. Defendants also filed a reconventional demand and sought recovery *692 for personal injuries sustained by Atlas Dronet in the accident. The lower court's judgment in favor of plaintiff denied the reconventional demand.
On the merits of this case, the relevant facts presented by the record for our consideration are as follows. On the aforementioned date, the defendants, Mr. and Mrs. Dronet, were proceeding west on West Northern Avenue in the Dronet automobile. It was raining, Mrs. Dronet was driving, and Mr. Dronet was riding in the front seat. Mr. and Mrs. George Arceneaux, who accompanied the Dronets, were riding in the back seat of the Dronet automobile. The windshield wipers of the Dronet automobile were turned on, as were the running lights.
At this point in time there was a high school football game in progress at the Crowley High School stadium in near proximity to West Northern Avenue. Plaintiff's wife had driven the Maturin automobile to the game and had parked along the north side of West Northern Avenue, facing in a westerly direction.
Mrs. Dronet testified that, on nearing the football stadium, she was confronted by the bright lights of the stadium as well as by the bright lights of an oncoming automobile. She further testified that she had passed a number of cars parked parallel to the avenue upon which she was traveling prior to colliding with the plaintiff's automobile. It is defendant's contention that because of the stadium lights, the oncoming cars' bright lights, the rainy condition, and the negligent manner of plaintiff's car's placement, she was unable to see the plaintiff's car before actually striking it from the rear. It is, therefore, defendant's position that the proximate cause of the accident in question was the negligent parking of the plaintiff's automobile and not the manner of operation of defendant's vehicle.
In considering this appeal, we must deal with several issues raised. These involve the "assured clear distance" rule, the question of negligence, and the question of the applicability vel non of last clear chance. The defendant has asserted the "range of vision" or "assured clear distance" rule, in order to obviate negligence on its part. Defendant has cited jurisprudence in support of his contention that the operator of a motor vehicle is not negligent in running into the rear of an unlighted, stopped or slowly moving vehicle, or in failing to observe such vehicle, especially when his vision is impaired by the bright lights of oncoming traffic. Under a relaxation of the "assured clear distance" rule, it has also been stated that the operator of a motor vehicle is not charged with the duty of guarding against striking unexpected or usual obstructions which he had no reason to anticipate would be encountered on the highway. Driscoll v. Allstate Insurance Company, 223 So.2d 689, 692 (La.App. 4th Cir. 1969).
Defendant's argument, based upon an exception to the "assured clear distance" rule, has been further relaxed in the recent case of Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746, 746 (1971), wherein the following was stated:
"The old rule literally applied is no longer a practical or fair regulation for the nighttime speed of modern drivers of modern cars on our highways. Consequently the rule has been modified to incorporate this realization and to exact a standard of care of the nighttime driver based upon the broad requirement of reasonableness, a formula of negligence where there are few absolute rules and one requiring a careful consideration of all circumstances surrounding each case."
In our "consideration of all circumstances surrounding the case," we are also aware of the admonition delivered by the Supreme Court in the Craker case aforecited. The Court said at page 749:
"We are unable to say that in all cases the nighttime motorist who strikes a vehicle from the rear on a rainy night is negligent per se. To prove the collision *693 alone, therefore, is not enough. The contention that we should award damages on that basis ignores this Court's recognition that a driver may collide with a vehicle in his path at night and not violate standards of reasonable conduct under the circumstances."
For the sake of clarity, we note that in regard to the issue of "negligence per se," our Supreme Court in Weber v. Phoenix Assurance Company of New York, La., 273 So.2d 30, 33 (1973), stated:
"We have rejected the concept that a violation of a penal statute automatically constitutes negligence, and we have rejected the terminology `negligence per se.'"
From the aforecited jurisprudence, it is evident that the mere fact defendant's automobile struck the plaintiff's vehicle from the rear is not sufficient in and of itself to establish negligence on the part of defendant. Therefore, we are compelled to consider all the surrounding circumstances in arriving at our decision.
Facts having particular relevance to our determination are set out as follows. The testimony of Mrs. Dronet reveals that she was familiar with West Northern Avenue, as it was the avenue she used to go to and from the Town of Crowley. Mrs. Dronet also expressed a familiarity with the situs of the accident and of the occurrence of football games there on Friday nights. On the night of the accident, Mrs. Dronet was also aware that there was a football game in progress, that cars were parked all along the road, and that this road was very narrow.
Additional evidence presented by defendant and defendant's witnesses demonstrated the presence of on oncoming vehicle and of the blinding effect of its bright lights. Reliance has been placed by the defendant upon this factor, as well as the lights from the football game and the rainy condition, as a basis to explain the inability to see the plaintiff's automobile prior to impact. Defendant also strongly contends that the plaintiff's automobile was improperly parked and, as a result thereof, the plaintiff's automobile obstructed the lane of traffic in which the defendant was traveling.
From a review of the record, we are unable to find even the slightest evidence from which it can be determined that the plaintiff's automobile was improperly parked prior to the occurrence of the accident. Evidence in support of defendant's position that the plaintiff's parked automobile presented an unexpected or unusual obstruction in the roadway is not evident from the record. We are also of the opinion that Mrs. Dronet failed to take adequate precautions in the face of the situation which confronted her. It is concluded that the continued westerly advance by the defendant driver, in the face of the alleged blinding lights, constituted a standard of care falling considerably below that required by the circumstances.
It is noted that the lower court observed the accident site at firsthand, and determined from the evidence presented that the conduct of the defendant, Mrs. Dronet, constituted the proximate cause of the accident. Some question was raised at the time of oral argument as to the propriety of the lower court's visit to the scene of the accident without the additional presence of counsel. We have found the following excerpt from American Tile & Terrazzo Company v. Keiler, 200 So.2d 350, 352 (La.App. 4th Cir. 1967), appropriate and adopt it as our own.
"The jurisprudence of this state is quite uniform to the effect that a trial judge possesses the right to take into consideration his personal evaluation or observation of the disputed area, not for the purpose of supplying new evidence, but for the purpose of determining, especially when the evidence adduced by the litigants with respect thereto is in hopeless conflict, which version thereof is worthy of belief.1" (Footnote omitted.) *694 We have not found the trial court's visit to have "supplied new evidence" and conclude that the inspection of the accident situs only served to aid in the better comprehension of the facts at issue.
After a review of the record, we are unable to disagree with the findings of the lower court as they are correct and fully supported by the record subject to our review. Having found plaintiff free from any negligence, we need not consider the issue of last clear chance.
It was stipulated prior to the trial of this matter that Mrs. Dronet was driving the Dronet automobile on a community mission. Therefore, under the settled jurisprudence, the negligence of Mrs. Dronet was thereby imputed to her husband, Atlas Dronet, and a recovery for his damages sustained was thereby precluded by law. Levron v. Brien, 246 So.2d 366 (La.App. 1st Cir. 1971); Bettis v. Paulsen-Webber Cordage Corporation, 217 So.2d 662 (La. App. 4th Cir. 1969).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
Affirmed.
MILLER, J., concurs in decree and assigns written reasons.
MILLER, Judge (concurring).
Insofar as the majority opinion approves the trial judge's visit to the scene of the accident during or after trial and without notice to or consent of counsel, I register my dissent.
A trial judge should exercise the power to view the scene with caution. He should be satisfied that conditions at the time he views the premises are substantially the same as they were at the time of the occurrence involved in the action, and he should also be satisfied that a personal inspection by him will be fair to all parties and is reasonably necessary to do justice between them. In making these determinations it is essential that the parties and/or their attorneys should be given an opportunity to be present. At the conclusion of the inspection, the trial judge should record his observations and give counsel an opportunity to point out errors or omissions in his findings. Should the trial judge reject these suggestions, counsel should be afforded an opportunity to present supporting evidence.