351 So.2d 835 (1977)
E. D. SLEDGE
v.
ALUMINUM SPECIALTIES MFTG., INC.
No. 11544.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*836 James A. Wood, Baton Rouge, of counsel for plaintiff-appellee E. D. Sledge.
Phil E. Miley, Baton Rouge, of counsel for defendant-appellant Aluminum Specialties Mftg., Inc.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is a suit by E. D. Sledge against Aluminum Specialties Mftg., Inc. to rescind a contract of sale and recover both the contract price and damages. After trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $963.00, representing the purchase price of $463.00 and $500.00 in damages. From this judgment, the defendant appealed. Plaintiff answered the appeal seeking an increase in damages.
On April 23, 1974, the plaintiff and defendant entered into an agreement for the construction of a patio cover at plaintiff's residence. Construction began shortly thereafter; and the patio cover was completed within a matter of days after the agreement.
Plaintiff states that the purpose of the patio cover, as communicated to the defendant, was to carry water from the roof of the house, over and away from the patio, to the ground, beyond a brick-walled courtyard at the rear of the patio.
Both parties testified that problems with the cover began with the first rain. Water leaked onto the patio and into plaintiff's house at several places and also overflowed the cover onto the patio.
Defendant made numerous attempts to remedy the defects in the cover, but with no success. The last attempt to repair the cover was on May 15, 1975.
This suit resulted when defendant was unable to correct the defects. The defendant, however, contends that the leakage is the result of defects in plaintiff's roof rather than any defects in the patio cover.
The trial court held that the plaintiff has suffered damages as the result of defects in the aluminum patio cover. Further, the trial court found that the defects in the cover rendered it useless for its intended purpose. Accordingly, the trial court rendered judgment, based on LSA-C.C. art. 2769,[1] for the purchase price and the damages sustained as a result of the defects in the cover.
Defendant lists four specifications of error allegedly committed by the trial court, to wit:
(1) Error in permitting Charles E. Henry to testify as an expert;
(2) Error in finding that plaintiff had satisfied his burden of proof;
(3) Error in conducting a post-trial inspection of the premises;
(4) Error in determining damages.
Initially, defendant contends that it was error to allow Charles E. Henry to testify since he was not listed as a witness in the pre-trial order.
The trial court allowed Henry to testify because he had made an estimate of repairs to plaintiff's house which plaintiff intended to offer as evidence. This estimate of repairs was listed in the pre-trial order. The trial court found that this was sufficient *837 cause to allow Henry to testify despite the fact that he was not specifically listed as a witness in the pre-trial order. We agree.
Additionally, defendant contends that Henry was not properly qualified to testify as an expert witness.
Plaintiff offered Henry as an expert in building and repair work. Henry testified that he had approximately six (6) years experience in home construction. Henry further stated that he had "constructed over 250 houses and about 300 apartment units" and that he had ten houses under construction at the time of trial. Additionally, Henry stated that he also performed home repairs and was familiar with the cost of home repair work. The trial court concluded, based on this testimony, that Henry was qualified to testify as an expert in building and repair work.
It is fundamental that a trial judge be allowed much discretion in determining a witness's qualifications and competence to testify as an expert. See Ashley v. Nissan Motor Corp. in USA, 321 So.2d 868 (La.App. 1st Cir. 1975) and cases cited therein. A reviewing court will not disturb a trial judge's ruling unless the error is clear and involves a misconception of the law. We find no error in this instance.
Next, defendant argues that the plaintiff has not met his burden of proving the existence of defects in the patio cover.
The plaintiff, his wife and his expert witness, Henry, all testified that the leakage and overflow of water were caused by defects in the patio cover. Additionally, plaintiff introduced numerous photographs showing water leaking from the cover.
Defendant produced testimony, from its president, the two workers who installed the cover, and its own expert, stating that the leakage of water was due to defects in plaintiff's roof.
Our review of the record does not reveal that the trial court erred in resolving the conflicting testimony in favor of plaintiff's witnesses.
The defendant's third specification of error maintains that the trial judge committed reversible error in conducting a post-trial inspection of the premises.
The law is well settled that a "trial judge possesses the right to take into consideration his personal evaluation or observation of the disputed area, not for the purpose of supplying new evidence, but for the purpose of determining, especially when the evidence adduced . . . is in hopeless conflict, which version is worthy of belief." American Tile & Terrazzo Company v. Keller, 200 So.2d 350 (La.App. 4th Cir. 1967). See also Bergeron v. Parish Lumber Home Improvements, Inc., 255 So.2d 163 (La.App. 1st Cir. 1971).
Our examination of the record in the instant case reveals that the trial judge's post-trial inspection of the premises was proper and in accordance with the aforementioned principles. The trial judge's inspection did not produce new evidence, rather it merely aided the court in resolving conflicting testimony. We therefore find that the trial judge did not err in conducting a post-trial inspection of the premises.
The final specification of error alleges that the trial court erred in determining damages. Defendant contends that plaintiff's recovery under LSA-C.C. art. 2769 should be limited to the cost of repairing or finishing the defective work.
It is well settled that where it is shown that the construction is so defective as to be useless, the loss sustained is the price paid for said construction plus the cost of restoring the premise to its former condition. Sartori v. Hunter, 158 So.2d 457 (La.App. 2nd Cir. 1963).
In the instant case, the trial court found that the patio cover was useless for its intended purpose. After making this determination, the trial court held that plaintiff was entitled to recover the entire purchase price. We agree. Sartori, supra.
The trial court also properly awarded damages for injuries resulting from the defective construction. Our examination of the record convinces us that the trial court's *838 award of damages is supported by the evidence; and is neither excessive nor inadequate.
For the above reasons, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2769, provides:

"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."