374 So.2d 708 (1979)
Sandra M. SMITH et al.
v.
The TRAVELERS INDEMNITY CO. OF RHODE ISLAND et al.
No. 12719.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
Rehearing Denied September 27, 1979.
*709 Milton Osborne, Jr. of Osborne & Richard, Plaquemine, for plaintiff-appellant Sandra M. Smith, et al.
W. Arthur Abercrombie, Jr. of Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellee the Travelers Indem. Co.
John W. King, Sr., Baton Rouge, of counsel, for defendant and third-party plaintiff-appellee Dept. of Transp. & Development, Office of Highways.
Ernest L. Johnson, Baton Route, for defendant-appellee Barbara Walker.
Joseph B. Dupont, Sr., Plaquemine, for third-party defendant-appellee Richard Davis.
Houston C. Gascon, III, Plaquemine, for defendant-appellee Iberville Parish Police Jury.
William C. Kaufmann, III, Baton Rouge, for defendant-appellee St. Paul Fire & Marine Ins. Co.
Jennifer Luse, Baton Rouge, for plaintiff-appellee Motors Ins.
Before ELLIS, LOTTINGER and LEAR, JJ.
LOTTINGER, Judge.
This is an action ex delicto by Sandra M. Smith, individually and as agent for the community existing with her husband, Percy E. Smith, and Freddie C. Banks and Michael Wayne Banks, all guest passengers in a car operated by Barbara Walker, for *710 personal injuries received as a result of a two car collision at the "Y" intersection of a state highway and a parish road in Iberville Parish.
Named defendants were Travelers Indemnity Co. of Rhode Island,[1] St. Paul Fire & Marine Insurance Co., Barbara A. Walker, the host driver, State of Louisiana through the Department of Highways (State),[2] and the Iberville Parish Police Jury. The State third partied Barbara Walker and Richard Davis, the driver of the other car.
This suit was consolidated for purposes of trial with suit no. 12718 on the docket of this court, 374 So.2d 713, wherein Motors Insurance Corporation (MIC), the collision insurer of Richard Davis and Richard Davis sue Ralph Walker individually and as head and master of the community, and Barbara A. Walker for damages to Davis' automobile.
The trial judge at the close of plaintiffs' case granted the police jury's motion for a dismissal, La.C.C.P. art. 1810 B, and at the close of the entire case awarded judgment in favor of Sandra M. and Percy E. Smith and against the defendant, Barbara A. Walker, in the sum of $15,000.00, and dismissed the suit against the State and the third party demand against Davis. Freddie C. Banks was awarded $50.00 as against Barbara A. Walker, and the suit by Michael W. Banks was dismissed.
In suit no. 12718 judgment was rendered in favor of MIC and Davis for $1,998.00 against Ralph and Barbara Walker. Both suits will be handled in this opinion, however, separate judgments shall be rendered.
Sandra Smith, Freddie C. Banks and Michael W. Banks appealed in suit no. 12719, and Barbara Walker answered the appeal. Additionally, Ralph and Barbara Walker appealed the judgment against them in suit no. 12718.
In reaching his decision, the trial judge has not favored us with written reasons for judgment, thus we proceed to make our findings of fact supportive of the trial court decision, as long as same are not clearly wrong considering all the evidence.
On July 31, 1976, at approximately 9:00 P.M., Barbara Walker was driving a 1963 Chevrolet in a westerly direction on La. 3066. Near the settlement of Bruceville in Iberville Parish, La. 3066 intersects at a "Y" intersection with a parish road called First Street. As one travels west on La. 3066, the "Y" is formed by La. 3066 turning to the right, and the parish road acting as a straight line continuation of La. 3066 with only a slight curve to the left. Additionally, as La. 3066 turns right it passes over a slight hump which remains from abandoned railroad tracks. At this same time, Richard Davis was traveling east on La. 3066.
As Mrs. Walker attempted to execute what amounts to a left turn from La. 3066, the Davis car came over the hump and the two vehicles collided in the east bound lane of La. 3066. The Walker vehicle was hit at the right front, and the Davis vehicle was damaged in the front.
There is no evidence that either driver was exceeding the speed limit. Plaintiffs and Ms. Walker testified that she stopped before attempting her turn. Ms. Walker says she never saw the Davis car nor its headlights until the collision. Davis, however, stated that he could see the glow from the Walker headlights before he crossed the hump. The investigating state trooper concluded that Ms. Walker commenced her entry onto the parish road prematurely.
Plaintiffs argue that Ms. Walker was negligent in the operation of her car and that the state was negligent in not properly maintaining the height of grass on the shoulder, thus interfering with vision over the hump and into the curve. They further contend that the state was negligent in maintaining such a dangerous intersection and failing to properly post warning signs *711 at the intersection. As to the police jury, they contend the jury was at fault in not providing a safer intersection for the parish road.
Initially we concede that this intersection is not the safest that could be designed and maintained, that grass on highway shoulders should be maintained, and that adequate warning signs should be posted, possibly even a "yield" or "stop" sign. However, this concession by this court does not make the police jury or the state responsible for this accident.
Ms. Walker was familiar with this intersection. Thus we conclude that she knew La. 3066 was the favored street, that it turned to the right and that there was a hump. Her familiarity negates any fault in the design of the intersection, or failure to properly post signs. The fact that this accident happened at 9:00 at night disproves the theory that the tall grass and/or the hump blocked Ms. Walker's view of the oncoming car, inasmuch as she could have or should have seen the approaching headlights irrespective of the height and thickness of the grass or of the existence of the hump.
The appeal in the Smith action involves five main issues: (1) the liability of the State, (2) the directed verdict for the Parish, (3) the personal inspection by the trial judge, (4) quantum, and (5) expert fees.
Appellant, Barbara Walker, answered the appeal in the Smith action arguing she was not negligent along with the issues of the State's liability and the granting of the directed verdict for the Parish. In suit No. 12719 Ralph and Barbara Walker are appealing the issue of whether Barbara was on a community mission at the time of the accident.

ISSUE NO. 1THE STATE'S LIABILITY
Appellants in the Smith action rely heavily on the Poche Rule in guest passenger cases. The guest passenger status under our jurisprudence places these appellants in a unique position. In Poche v. Frazier, 232 So.2d 851, 856 (La.App. 4th Cir.1970) writ denied 256 La. 266, 236 So.2d 36 (1970) our brethren on the Fourth Circuit stated:
"[W]hen an innocent third party is injured as a result of a collision between two drivers, each of the drivers is deemed guilty of negligence per se and the burden of proof falls upon each to exculpate himself from negligence proximately causing the injury to the third party." (Citations omitted).
This court examined the Poche Rule in Michel v. State Farm Mutual Automobile Insurance Co., 314 So.2d 535 (La.App. 1st Cir.1975) and clarified its application by stating:
"The rule does not exempt a plaintiff from the ultimate requirement that he prove his case. It merely provides the plaintiff with an early advantage in the trial of the case. This advantage, however, may be obtained only after the plaintiff has first proved his own innocence and then that the circumstances compel a finding that one or the other of the defendants was at fault. With these elements in, the plaintiff has made a prima facie case. The burden of proof is then shifted to the defendants to exculpate themselves."
Appellant argues that the defendants-appellees failed to exculpate themselves or in the alternative that all of the defendants were concurrently negligent. In order for the Poche Rule to be applicable there must first be a prima facie showing by the plaintiffs that these defendants were a cause of plaintiffs' injuries.
Since we find sufficient evidence in the record which proves any fault on the part of the State not to be a cause in fact of the accident, the Poche Rule either does not apply, or the State has exculpated itself.

ISSUE NO. 2DIRECTED VERDICT
Plaintiffs argue that the trial judge was in error in dismissing the suit against the police jury prior to the presentation of all of plaintiffs' evidence. A close review of the record reveals that plaintiffs had rested subject to a proffer and medical testimony.
*712 Conceding arguendo that the proffered evidence was admissible, we find no fault on the part of the trial judge in dismissing the suit as against the police jury. We do not believe that the spirit or intent of La.C.C.P. art. 1810 B was violated by the dismissal of a suit on a question of liability where only medical evidence is missing.

ISSUE NO. 3TRIAL JUDGE'S INSPECTION Plaintiffs allege the trial judge erred in visiting the scene of the accident, and imply he conducted experiments.
The jurisprudence is clear that the trial judge has the right to make a personal inspection of an accident site. Here the record reveals that the court recessed for the purpose of visiting the scene of the accident; however, we find nothing in the record in the form of an objection by plaintiffs after this visit to indicate their dissatisfaction. There is no indication that the trial judge did anything other than view the scene. Thus, we find no error.

ISSUE NO. 4QUANTUM
Absent a showing of abuse of discretion, a quantum award of a trial court will not be altered on appeal. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977). Based on the facial scarring and hospitalization of the plaintiff, Mrs. Smith, we find $15,000.00 just and reasonable. The accident caused no functional disability and the trial judge had an opportunity to view the scars. We also concur with the $50.00 awarded to Freddie Banks for the cut he received on his head.
It is the trial judge's duty when called upon to render to an injured plaintiff sufficient damages to compensate both general and special damages. There is no error however on the part of the trial judge in awarding these damages in globo. It is within the discretion of the trial judge to determine the award and its form, and absent a showing of abuse of discretion this court will not alter that award.

ISSUE NO. 5EXPERT FEES
The general rule is that the awarding of expert fees lies within the discretionary powers of the trial judge and will not be altered absent a showing of abuse of discretion. Phillips v. Nereaux, 357 So.2d 813 (La.App. 1st Cir.1977).
The trial judge awarded $75.00 to each expert that appeared in court, except the clinical psychologist who was awarded $50.00. The plastic surgeon who testified by deposition was also awarded $50.00. Appellants argue that these awards are "so low" that they constitute an abuse of discretion.
This court in State Department of Highways v. Miltenberger, 344 So.2d 705, 710 (La.App. 1st Cir.1977), in dealing with an appellant's argument that the award of expert fees were excessive stated:
"In fixing such fees, each case turns on its own particular facts. There are certain factors though, that can be used in assessing such fees such as the expertise of the expert, the helpfulness of the expert's report and testimony to the court, the time spent in preparing his report, the time spent in testifying as an expert witness, and awards to experts in similar cases."
The trial judge is in a better position to determine the time and helpfulness of each expert, and after examining the record we can find no abuse of discretion on the part of the trial judge in determining the award of expert fees.

COMMUNITY MISSION
Appellant, Ralph Walker, argues that at the time of the accident his wife, Barbara, was not performing a community mission. He argues that the trip was solely for the benefit of the plaintiff, Sandra Smith.
The general rule in Louisiana jurisprudence is that a wife who operates a community vehicle with the express or implied consent of the husband can engage in a community mission for her own pleasure and recreation although the husband is not aware of the specific mission. Brantley v. *713 Clarkson, 217 La. 425, 46 So.2d 614 (1950); Reliance Insurance Company v. Dickens, 279 So.2d 234 (La.App. 2nd Cir.1973); Williams v. Garner, 268 So.2d 56 (La.App. 1st Cir.1972).
Recently in Tandy v. Simoneaux, 344 So.2d 406 (La.App. 1st Cir.1977) this court stated:
"If it be shown that the accident occurred through the negligence of the wife in the use of the car, operated with the actual or implied consent of the husband, the husband, to avoid liability, must show, to the satisfaction of the court, that the wife was on a mission of her own. Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960)."
In Tandy, the wife's mission was to engage in an illicit activity, prostitution; and thus was not a community mission.
Under the facts of the present case, we find the wife's mission was a community mission with the implied consent of her husband. Merely because Ralph was unaware of the mission does not negate his implied consent. Ralph testified that Barbara did not need his permission to drive the vehicle. Barbara, the aunt of Mrs. Smith, was driving the vehicle at the time of the accident for her own pleasure in order to aid a relative. We find Barbara's activities to fall within the realm of a community mission for the recreation of the wife as established in Brantley, supra.
Therefore we find no error on the part of the trial judge in holding that Barbara Walker was on a community mission at the time of the accident and thus Ralph Walker as head of the community is liable for the damages to the Davis vehicle.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed in suit no. 12719 appellants to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The correct name of this defendant was the Travelers Indemnity Company.
[2] The correct name of this defendant is the State of Louisiana through the Department of Transportation and Development, Office of Highways.