398 So.2d 575 (1980)
Marguerite T. LITTLES
v.
SOUTHEASTERN FIDELITY INSURANCE CO. et al.
No. 13573.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Edgar N. Quillin, Arabi, for plaintiff-appellant Marguerite T. Littles.
Richard B. Nevils, Baton Rouge, for defendant-appellee Southeastern Fidelity Ins. Co.
Patrick J. Briney, Lafayette, for defendants-appellees Orleans Oil Co. and Trinity Universal Ins. Co. of Kansas, Inc.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
This is an appeal from a judgment of involuntary dismissal without prejudice under the provisions of La.Code Civ.P. art. 1810(B) because of plaintiff's failure to show a right to relief. The issues raised on appeal are whether or not the trial court erred in rendering the judgment of dismissal and whether the judgment should have been with or without prejudice.
Plaintiff Marguerite Littles alleges that on May 19, 1977 she was a passenger in the rear seat of a car being driven by Bernard *576 Gains. The Gains' car was proceeding north in the far left lane on I-110 in Baton Rouge when it was struck on the right side by a 1972 Mack truck traveling in the same direction. The truck was allegedly owned by Orleans Oil Company and was being driven by an employee, Aeray Guillot. The petition states the Mack truck had been forced into the far left lane by a 1969 Buick being driven by Henry Harris. Plaintiff alleges the collision caused her to be thrown to the floor of the car resulting in injuries to her back, neck and right leg. She and her daughter were taken by ambulance to Our Lady of the Lake Medical Center.
Plaintiff-appellant filed suit for her injuries against Southeastern Fidelity Insurance Company, the insurer of Harris, and against Orleans Oil Company and its insurer, Trinity Universal Insurance Company of Kansas.
The only witnesses called by counsel for plaintiff were Mrs. Littles and Bernard Gains. Mrs. Littles testified she had been involved in various accidents and had filed several lawsuits for personal injuries caused by those accidents. Her first accident occurred while riding a New Orleans Public Service (NOPSI) bus in 1958. Her claim against NOPSI was settled out of court. Her second accident occurred in March of 1977, two months prior to the accident at issue here, again while she was a passenger on a NOPSI bus. That suit has also been settled. Plaintiff's third accident was the accident that occurred while she was a passenger in Bernard Gains' car on the Baton Rouge interstate. Her fourth accident occurred in December of 1978, in Arabi, Louisiana. Plaintiff has consulted a lawyer but has not yet filed suit. Plaintiff's testimony indicated she suffered back and neck injuries in all four accidents.
Depositions of various doctors that had treated plaintiff were introduced at trial. The deposition of Dr. Matko Milicic, who examined Mrs. Littles immediately after the 1977 New Orleans accident showed she had been diagnosed as having a contusion on the right shoulder and a sprained back. Although plaintiff visited Dr. Milicic in June of 1977, which was after the Baton Rouge accident, she did not tell him she had been injured in another accident.
After the Baton Rouge accident plaintiff sought treatment from Dr. Stewart Phillips. His deposition revealed that she was diagnosed as having a ruptured lumbar disc. She complained of pain in the neck, right shoulder, right arm, back and right leg. Dr. Phillips testified plaintiff did not tell him she had been in an accident in New Orleans only two months before.
The deposition of Dr. Hammond Newman was also introduced. He also treated Mrs. Littles after her Baton Rouge accident. He found she had a torn ligament in the cervical region. Again, Mrs. Littles made no mention of the New Orleans accident.
Finally, there was introduced the deposition of Dr. John Thomas, who had been employed by the defendants to examine Mrs. Littles for the purpose of this lawsuit. He testified that a comparison of x-rays made after her New Orleans accident and x-rays made after the Baton Rouge accident showed her condition was virtually the same. That is, her back and neck injuries did not seem to be any worse after the Baton Rouge accident than before.
The remainder of plaintiff's testimony dealt with her description of the accident which was simply that she saw the big truck bearing down upon the car in which she was riding and then felt the truck make contact with the right side of the car. She testified the driver of the Mack truck, alleged to be Aeray Guillot, stopped his truck and approached the car, saying "I'm sorry, is anyone hurt?" Mrs. Littles had no personal knowledge about the 1969 Buick allegedly driven by Harris. She stated that Mr. Guillot gave his medical card to the ambulance driver and said "Take them to the hospital."
Bernard Gains testified the truck hit the right side of the car. He stated the truck driver said he was sorry and that it was his fault. Gains also had no recollection of the 1969 Buick being driven by Harris.
*577 When counsel for plaintiff rested, both defendants moved for an involuntary dismissal under La.Code Civ.P. art. 1810(B), asserting that the plaintiff had not proven her case by a preponderance of the evidence. Although counsel objected that he had planned to cross-examine on rebuttal the person allegedly driving the Mack truck, the court granted the motion for dismissal.
Plaintiff moved to reopen the case so that she could call Mr. Guillot, the alleged truck driver, under La.Code Civ.P. art. 1634. The court refused, noting that counsel had been given ample opportunity to call Mr. Guillot during his case in chief.
Plaintiff-appellant contends the trial court erred in rendering the judgment of dismissal in that plaintiff proved her case. The trial court is granted much discretion and its findings will not be disturbed unless the judgment is clearly wrong. The record reflects there has been no manifest error in this case. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied 1979.
La.Code Civ.P. art. 1810(B) grants the trial judge the right to dismiss a case.
"B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
The article does not specify what standard should be applied in determining whether plaintiff has shown a right to relief. The Fourth Circuit recently held that dismissals under La.Code Civ.P. art. 1810(B) should be governed by the "preponderance of the evidence" standard. Sevin v. Shape Spa for Health & Beauty, Inc., 384 So.2d 1011 (La. App. 4th Cir. 1980). This standard is to be distinguished from the one applicable to jury trial cases dismissed under 1810(A) (directed verdicts) which is that the judge must view the evidence in the light most favorable to the party opposing the motion. If reasonable minds could arrive at a contrary verdict, the motion should be denied. Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir. 1979).
A trial judge has the discretion to refuse to reopen a case after one side has rested. La.Code Civ.P. art. 1632. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970). We find the judge did not abuse this discretion.
Evidence offered by plaintiff simply established that an accident occurred and that Mrs. Littles has suffered from back and neck problems. There was no evidence to establish how the accident occurred, who was at fault or what injuries were caused by this particular accident. None of the testimony at trial established the truck allegedly involved in the accident to be the truck owned by defendant Orleans Oil Company. There was not one iota of evidence that connected Henry Harris, allegedly driving the 1969 Buick, to this accident.
Plaintiff's contention that defendants Orleans and Trinity made a "judicial admission" in their answer cannot be sustained. The answer merely admits Orleans was the owner of a 1972 Mack truck being driven by an employee, Aeray Guillot, at the time of the accident. The pleading does not admit the vehicle was involved in the accident.
Plaintiff argues the extra-judicial statements made by the truck driver immediately after the collision should be admitted as part of the res gestae. This argument is moot since Mr. Guillot was never formally identified as the driver of the truck. Although reference was made to him throughout the testimony of plaintiff's witnesses, Mr. Guillot was sequestered in the hallway and was never actually identified.
Regardless of Mr. Guillot's identification, his hearsay statements were in fact admitted into evidence, without objection. The court apparently felt that these "admissions" were not to be given much weight. The statement Mr. Guillot allegedly made *578 to Mrs. Littles was "I'm sorry, is anybody hurt?" Mrs. Littles testified that she too told him that she was sorry. Such a statement is ambiguous at best and simply cannot be labeled as an admission. Mrs. Littles also stated Mr. Guillot gave the ambulance driver his medical card and said "take my medical card and take her to the hospital." The statements allegedly made by Mr. Guillot to Bernard Gains were "I'm sorry, it was my fault." Without corroborating evidence, these statements do not establish liability. Extra-judicial admissions of fault and offers to pay for medical treatment, standing alone, are not sufficient to establish liability if the evidence does not support that the person making the admission was negligent. Liability cannot be created by defendant's sudden exclamations, nor even admissions made under reflection unless there is in fact liability under the law. Parker v. Employers' Casualty, 152 So. 373 (La.App. 2d Cir. 1934).
Plaintiff argues the dismissal was erroneous because the law is well settled that when an innocent third party, such as Mrs. Littles, is injured as a result of a collision between two drivers, each of the drivers is deemed guilty of negligence per se and the burden of exculpating himself is on each driver. Poche v. Frazier, supra. This court recently interpreted the Poche holding in Smith v. Travelers Indemnity Co. of R. I., 374 So.2d 708 (La.App. 1st Cir. 1979), at p. 711:
"`The rule (Poche rule) does not exempt a plaintiff from the ultimate requirement that he prove his case. It merely provides the plaintiff with an early advantage in the trial of the case. This advantage, however, may be obtained only after the plaintiff has first proved his own innocence and then that the circumstances compel a finding that one or the other of the defendants was at fault.' " (Parenthesis ours.)
The trial judge correctly found plaintiff had not proved her case. Therefore the Poche rule does not apply.
Defendant Orleans Oil Company and its insurer Trinity Universal filed an answer to the appeal, arguing the court erred in rendering the judgment "without prejudice." We disagree. La.Code of Civ. P. art. 1810(B) does not specify whether the dismissal should be with prejudice or without prejudice. Article 1672 allows involuntary dismissals when the plaintiff fails to appear on the day set for trial and gives the judge discretion whether to render the judgment with or without prejudice. One can analogize that this same discretion should be allowed in the involuntary dismissal under art. 1810(B). The trial judge no doubt felt that it was unfair to make a final disposition of the matter simply because of plaintiff's counsel's tactical error.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.

ON REHEARING
In our original decision, we affirmed the trial court's judgment granting a dismissal without prejudice of plaintiff's suit for personal injury, based on La.Code Civ.P. art. 1810B. We now conclude we were in error as to the dismissal of Orleans Oil Company and their insurer Trinity Universal Insurance Company of Kansas (Trinity). We affirm the dismissal of the other defendants, Henry Harris and Southeastern Fidelity Insurance Company (Southeastern). However, because we conclude the dismissal should have been with prejudice, we reverse that portion of the judgment which held the dismissal to be without prejudice.
The details of the accident which gave rise to this litigation are set forth in our original opinion. There we affirmed the dismissal because the evidence indicated plaintiff had failed to prove her case by a preponderance of the evidence. The only evidence relevant to liability was testimony by Mrs. Littles and Bernard Gains, the driver of the car in which she was riding. Mrs. Littles stated a big truck was traveling behind the car in which she was riding and began to pass her car. The truck made contact with the right side of her car and *579 caused Gains to swerve to the left. Bernard Gains testified an eighteen wheeler Mack truck struck the right side of the car he was driving and that the truck driver stopped and said he was sorry. We initially concluded this evidence did not create a prima facie case because there was no real identification of the truck as being the truck owned by Orleans and insured by Trinity. We overlooked two important admissions of fact which must be considered. The first is that paragraph five of the answer filed by Orleans and Trinity acknowledges Orleans "was the owner of the 1972 Mack truck being driven by its employee Aeray Guillot at the time of the accident in question." Although this is certainly not an admission of negligence it is an admission that the truck involved in the accident was the truck owned by Orleans. The second is a document entitled "Defendants, Trinity Universal Insurance Company of Kansas, Inc., and Orleans Oil Companies' Contribution to the Proposed Pre-trial Order." Therein the defendants claim the accident was caused by a 1969 Buick being driven by Henry Harris cutting in front of the Orleans truck and that the truck was then forced slightly into the far left lane occupied by a 1975 Buick, (the car in which Mrs. Littles was riding). Clearly, this document admits the Orleans truck was involved in the accident. This fact, being admitted in the answer and in the above pleading, need not have been established at trial. Therefore, we must conclude the dismissal was improper because plaintiff's unrefuted testimony that an accident occurred, coupled with the admissions mentioned above, was sufficient evidence to establish a prima facie case as to defendants Orleans and Trinity. We remand the case to the trial court for proceedings consistent with this opinion.
With regard to the other defendants, Harris and Southeastern, the dismissal was entirely proper. There were no admissions in the answer or in any other pleadings establishing Harris' involvement in the accident. The testimony of Mrs. Littles and of Mr. Gains did not implicate Harris in any way; neither one had any knowledge of the Harris car causing the Orleans truck to swerve. Therefore, the trial court was correct in ruling that plaintiff had failed to prove her case against these two defendants.
In our original opinion we held the dismissal should have been without prejudice. However, after careful reconsideration we conclude La.Code Civ.P. art. 1810B should be interpreted as requiring such dismissals to be rendered with prejudice.
We are influenced in our decision by two factors. First, certain language found in the federal article (on which our codal article is based) is conspicuously absent from the language of La.Code Civ.P. art. 1810B. The Louisiana article reads as follows:
"In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
Federal Rule 41(b) reads as follows:
"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings *580 as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis added.)
The language, "Unless the court... otherwise specifies, a dismissal under this subdivision... operates as an adjudication upon the merits." implies the judge has the discretion to render the judgment with or without prejudice. Since the Louisiana article is patterned almost verbatim after the federal article, we find the absence of this language indicates the Louisiana courts do not have the discretion granted the federal courts.
Second, we are impressed by the wording of the Louisiana article. The article specifically states "The court may then determine the facts and render judgment against the plaintiff." Clearly, if the judge is basing his decision upon the facts of the case he is ruling on the merits (rather than ruling on a procedural matter). A ruling on the merits equates to a final disposition of the case and after the delays for appeal have run the matter becomes res judicata. On original hearing we had analogized that since the judge has the discretion to dismiss a case with or without prejudice when the plaintiff failed to appear for trial, under La.Code Civ.P. art. 1672, he should have the same discretion with the 1810B dismissal. As appellees have pointed out, the analogy was erroneous because article 1672 deals with a procedural matter, whereas article 1810B addresses a substantive issue.
For the foregoing reasons the judgment of the trial court is affirmed as to the dismissal of Harris and Southeastern. It is reversed as to the dismissal being without prejudice. The judgment of the trial court is further reversed insofar as it dismissed Orleans and Trinity. The case is remanded to the trial court for further proceedings in relation to the liability of Orleans and Trinity. Costs should be assessed equally between Orleans (and Trinity) and Mrs. Littles.
REVERSED IN PART; AFFIRMED IN PART; and REMANDED.