DOUCET, Judge.
Defendants were rendered liable in the sum of $837.00 for property damage to and trespass upon plaintiffs’ property. Defendants appeal. We affirm.
Plaintiffs, Martin Wayne Baack and Brenda Blue Baack, filed a suit for damages against defendants, James D. Lee and Otha Farmer, alleging that defendants, without their consent, destroyed a building belonging to and existing upon the premises of plaintiffs. Defendants reconvened alleging that the building was torn down and removed at the request of and with the consent and knowledge of plaintiffs, and sought damages for expenses for drilling of a water well, and mental anguish and distress as a result of malicious prosecution.
The record discloses that plaintiffs’ immediate ancestor in title, Vickie Lynn Olliff, along with the wives of the two defendants, were co-owners in common of a small tract of land in Sabine Parish. By act of partition dated July 1,1976, the three co-owners partitioned the property in kind with each receiving a specified parcel of land as shown by a survey, along with all improvements situated and located upon that property. By act of sale dated February 20, 1981, plaintiffs acquired the parcel of property received by Vickie Lynn Olliff Roshto, one of the parties to the original proceeding.
Subsequently defendants went onto plaintiffs’ property and tore down a structure described as a three-car shed. Suit followed. Trial was had, whereafter the trial judge, without assigning written or oral reasons, rendered judgment in favor of plaintiffs and against defendants.
Defendants appeal alleging: 1) the trial court committed manifest error in failing to grant their motion to dismiss, and 2) the trial court committed manifest error in rendering judgment in favor of plaintiffs. The crux of appellants’ complaint is that plaintiff failed to establish damages by a preponderance of evidence. We disagree.
Our review of the record convinces us that plaintiffs established a prima facie case. Mr. Lester Berry, Jr. testified that it would cost $837.00 to construct a new shed substantially equivalent to the one destroyed and removed by defendants. Considering the property involved and the evidence introduced, we believe plaintiffs sustained their burden of proof. Conversely, defendants offered little or no evidence to rebut Mr. Berry’s estimation of the value of the shed.
As aforementioned, the trial judge did not assign reasons for judgment, nor did he itemize damages according to whether they arose from property loss or mental anguish and distress occasioned by defendants’ trespass and removal of plaintiffs’ property. However, there is no error on the part of the trial judge in awarding both general and special damages in globo. Smith v. Travelers Indemnity Co. of Rhode Island, 374 So.2d 708 (La.App. 1st Cir. 1979). It is within the discretion of the trial judge *20 to determine the award and its form, and absent a showing of abuse of discretion appellate courts will not alter this award. Id.
As was stated by this court in Roshong v. Travelers Ins. Co., 281 So.2d 785 (La.App. 3rd Cir. 1973): “When it is clear that a plaintiff has sustained some damage as a result of defendants’ fault, his demands will not be rejected merely because he cannot establish exactly the amounts suffered. Under such circumstances the court must fix quantum as best as it can.” 281 So.2d 789. We find the $837.00 award to fall within the trial court’s reasonable discretion considering all the facts and circumstances before it.
Realistically, in quantum issues, as in other issues, there must necessarily be a degree of uncertainty in predicting the ultimate result in a given case. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). This is particularly so where, as here, the award includes damages for mental anguish and distress. Hence trial judges are vested with much discretion. La.Civ.Code 1934(3). We find no manifest error. Accordingly, the judgment appealed is Affirmed at appellant’s cost.
AFFIRMED.