WILLIAMS, Judge.
This is an appeal from a decision by the trial court finding that plaintiff Hoang Tran had failed to prove that he had a compensable injury and therefore was not entitled to Workers’ Compensation.
Plaintiff Hoang Tran sued Comet Construction Company, Inc. alleging that he had been injured on April 4, 1982, during the course of his employment. Plaintiff alleged that he had been handling some heavy cables and that he had strained his back as a result. There were no witnesses to the incident. The plaintiff did not report the incident to the Comet authorities for over three days and continued to work during that time. He also continued to work through the month of April and into May until which time his job was completed. He indicated at trial that he would have continued working had work been available. He has not worked since May of 1982, and testified at trial that he has been receiving unemployment benefits. He has not actively pursued employment, although he is required to in order to receive unemployment benefits.
The physician to whom plaintiff was referred by his attorney testified at trial. Dr. Cracco testified at trial that he based his opinions as to the plaintiffs injury on the history related to him by the plaintiff. Cracco did not examine the plaintiff until June 3, 1982. At trial, Cracco did state that his opinion was based totally on the history given to him by the plaintiff.
At the close of the plaintiffs case, the defense moved for a directed verdict which was granted.
Because this is a non-jury case, our standard of review is whether the plaintiff proved his case by a preponderance of the evidence. Thomas v. Thom, 408 So.2d 442 (La.App. 1st Cir.1981), citing Bryan v. Varnado, 394 So.2d 1321 (La.App. 1st Cir.1981); Sevin v. Shape Spa for Health and Beauty, Inc., 384 So.2d 1011 (La.App. 4th Cir.1980). A directed verdict in a non-jury trial should not be reversed absent a showing of manifest error on the part of the trial court. Thomas, supra, at 445.
In reviewing the transcript of the trial, we cannot find that the trial court was manifestly erroneous in its determination that the plaintiff had failed to carry his burden of proof. The trial judge made a decision based upon his determination of credibility on the part of the plaintiff. Based on plaintiffs erratic work history, the lack of witnesses to the alleged incident, and the facts surrounding his failure to report and his continuing to work, we cannot say that the trial court was in error in ruling in favor of the defendant. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
For the foregoing reasons the decision of the trial court is AFFIRMED.
AFFIRMED.