YELVERTON, Judge.
Aline Gardner sued Andrew Bulliard as the driver-owner and his insurer, Miller’s Group Insurance Company, for personal injuries and property damage arising from an automobile accident involving a Bulliard vehicle. The case went to trial and at the conclusion of the plaintiff’s case, Miller’s Group and Bulliard each moved for a directed verdict. The trial court granted the motions based on its determination that plaintiff had failed to establish by a preponderance of the evidence liability on the part of either defendant. Plaintiff appeals the dismissal of both defendants. We affirm.
The plaintiffs testimony in the record contains only her version of the accident.
The plaintiff maintains that she was driving on St. Joseph Street in St. Martinville behind a Ford truck. She testified that the truck stopped in front of Bulliard’s place of business and then began to back up without warning, hitting her car.
Ms. Gardner’s petition alleged that Bulliard was the driver whose negligence caused her injuries. At trial she testified that Bulliard was not the driver. The investigating police officer also testified that Bulliard was not the driver. The actual driver appears to have been one Bachet, who also appears to have been a Bulliard employee. Bachet was not named in the petition. The basis of vicarious liability of an employer for the negligence of his employee is found in La.C.C. Art. 2320 which reads in pertinent part:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”
The language “in the exercise of the functions in which they are employed” is the codal equivalent of the more common phrase “in the course and scope of employment.” Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), writ denied 441 So.2d 765 (La.1983). The record from the trial is devoid of any testimony to the effect that Bachet was in the course and scope of his employment with Bulliard when the collision occurred.
The standard of review for a directed verdict in a non-jury case is whether the plaintiff proved his case by a preponderance of the evidence. Tran v. Comet Const. Co., Inc., 450 So.2d 728 (La.App. 4th Cir.1984). We find that Ms. Gardner did not prove her case against Bulliard by a preponderance.
The trial court based its directed verdict for Miller’s Group Insurance on the failure of plaintiff’s counsel to introduce into evidence a copy of Bulliard’s policy with Miller’s Group or to present any other evidence of liability on the part of Bulliard or Miller’s Group Insurance.
During the hearing on the motions for directed verdict the plaintiff asked to be allowed to reopen the case for admission of the insurance policy. The trial judge explained that if that was the only defect in the plaintiff’s case, the court would be inclined to reopen the trial for introduction of the policy, but that that was not the only problem, there was the greater problem of insufficiency of the evidence to establish all of the essential elements of plaintiff’s case. On appeal, plaintiff assigns as her single assignment of error the failure of the trial court to reopen the record for the purpose of introducing the evidence of insurance coverage. In ruling on this assignment of error we stand in pretty much the same position as the trial court. A ruling letting in the policy would not solve the basic problems of the pleadings and the absence of evidence bearing on an essential element of plaintiff’s case.
It was disputed that an accident even happened. It was disputed that Bulliard *1050 was the driver, as alleged. Plaintiff s evidence showed that Bulliard was not the driver. No attempt was made to amend the petition to allege that another person was the driver and that the driver was Bulliard’s employee and at work when the accident happened, or that the driver even had permission to use the vehicle. The investigating police officer testified he learned at the scene that Bachet was the driver, Bulliard was the owner, and Bachet worked for Bulliard, and that was the sum total of evidence of those elements. No evidence at all, not even the hearsay testimony of the police officer, put Bachet behind the wheel in the course and scope of his employment, or even with the permission of Bulliard. Both Bulliard and Bachet were present at the trial and could have been called to testify. Even now, plaintiff argues that her evidence was sufficient on all essential elements, needing only the formal introduction of the policy. We agree with the trial court that, even with the policy in the record, no judgment could be rendered against either Bulliard or the insurer on the proven facts.
For these reasons the directed verdict of dismissal of plaintiff's suit is affirmed at appellant’s costs.
AFFIRMED.