395 So.2d 453 (1981)
Vera MURRAY
v.
HASPEL-KANSAS INVESTMENTS, American Employers Insurance Company, Winn-Dixie of Louisiana, Inc. and Foremost-McKesson, Inc.
No. 11603.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
Vincent J. DeSalvo, B. Ralph Bailey, Leon Aucoin, Metairie, for plaintiff-appellant.
Christovich & Kearney, Robert E. Peyton, New Orleans, for defendant-appellee Winn-Dixie Louisiana, Inc.
*454 Mollere, Flanagan & Arceneaux, James S. Arceneaux, Metairie, for defendants-appellees American Employers' Ins. Co., Edward M. Haspel and Maurice S. Kansas and Haspel-Kansas Investments.
Before SAMUEL, GULOTTA and CHEHARDY, JJ.
GULOTTA, Judge.
Plaintiff, Vera Murray, appeals from a judgment of dismissal in a judge trial for damages sustained in a slip and fall on a brick walkway in front of a Winn-Dixie store on Metairie Road in Jefferson Parish, Louisiana. Named as defendants were Haspel-Kansas Investments,[1] owner of the shopping center where the walkway was located, and Winn-Dixie, the store patronized by plaintiff prior to her accident.[2] Dismissal of the action was based on LSA-C. C.P. art. 1810(B), which provides that in a judge trial the court, after presentation of plaintiff's evidence, may dismiss the action on motion of any party on the ground that upon the facts and the law the plaintiff has shown no right to relief.[3]
In oral reasons, the trial judge rendered a "directed verdict" for defendants. He stated, in those reasons, plaintiff failed to establish "that there was anything wrong with those bricks."
According to plaintiff, the proper standard for granting a motion for "directed verdict" is whether the plaintiff's evidence in the case is so insubstantial that reasonable men could not have arrived at a verdict contrary to that entered by the trial court. Because this standard was not properly applied in this case, plaintiff argues the judge erred. We do not agree. The standard referred to by plaintiff applies to jury trials. However, our case is a judge trial. In a judge trial, a different standard applies. As this court stated in Sevin v. Shape Spa For Health & Beauty Inc., 384 So.2d 1011 (La.App. 4th Cir. 1980), in a non-jury case, the trial judge upon a motion, under LSA-C.C.P. art. 1810(B), for a judgment of dismissal (upon completion of the plaintiff's case) must weigh and evaluate all of the evidence presented up to that point in the trial and must grant a dismissal if plaintiff has not established proof by a preponderance of the evidence.
Applying this standard to our case, we find no error on the part of the trial judge in granting the motions for dismissal.
Before discussing the evidence supporting the conclusion reached by the trial judge, we consider the evidentiary rulings complained of by plaintiff in this appeal. Regarding the first complained of ruling, we find no error in the trial court's refusal to recognize William W. Stratton as an expert in sidewalk construction competent to give an opinion on construction of the brick walkway in our case. Although Stratton was familiar with the construction of cement sidewalks and had supervised construction in three shopping centers, he had no experience in the construction of brick sidewalks. This testimony was proffered.
We find further, no error in the trial court's refusal to accept Robert E. Hall as an expert engineering witness by plaintiff. Hall indicated that he had designed and constructed brick walkways and that his firm had made an inspection of the brick walkway in question, although he had not *455 done so personally. Following an objection to Hall's testimony concerning photographs of the brick walk, his testimony also was proffered.
Discretion in qualifying experts rests with the trial judge and absent an abuse of that discretion the court's ruling will not be disturbed. Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64 (La.App. 4th Cir. 1979); Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir. 1977). Considering Stratton's lack of experience with brick walkway construction, and the fact that Hall did not personally inspect the sidewalk in suit, we find no such error. Accordingly, we hold that the trial judge properly excluded Stratton and Hall's testimony.
Nonetheless, even considering the proffered testimony in a light most favorable to plaintiff, we arrive at the same conclusion reached by the trial judge.
Three witnesses testified in plaintiff's case. The injured plaintiff stated that after shopping at Winn-Dixie she had slipped and fallen backward while on the bricked area. She indicated that the "uneven" bricks caused her fall. This testimony differed from her earlier deposition in which she indicated that she did not know what had caused her to slip.
Hall's testimony was that the brick walk should have been tapered as it rose from the surface of the parking area and that the "curb" created by the walkway should have been eliminated by filling it with asphalt or caulking material so that there would be a gentle incline rather than a "step up". His testimony has little relevancy since plaintiff clearly fell on the walkway and not on the curb or near the curb. Hall could not tell from the photograph whether the bricks themselves were defective, although he noted that the surface was slightly uneven in that it was not like a smooth concrete area.
Stratton had photographed and measured the brick walkway and had found a 2½" "differential" or elevation between the brick walk and the asphalt of the parking lot. He stated that the walkway violated construction standards in that the bricks were laid down on top of an unlevel asphalt surface rather than a sand surface. He noted that the differential in height in the brick and mortar ranged anywhere from one-half to three-quarters of an inch.
On cross examination, however, Stratton indicated that he had not taken any brick up to see that the bed of asphalt was uneven. He claimed that he knew the brick was laid on asphalt since he was familiar with the shopping center. When asked if he thought the bricked area itself was so improperly constructed as to cause someone to fall, he replied affirmatively, depending on the weather conditions and the physical capabilities of the person. Obviously little if any weight can be given to this testimony. The trial judge properly observed that it was "speculative at best."
Accordingly, having evaluated plaintiff's testimony, along with the proffered evidence, we are led to conclude the trial judge properly dismissed plaintiff's suit as permitted under LSA-C.C.P. art. 1810(B). The judgment is affirmed.
AFFIRMED.
NOTES
[1] Although the petition names "Haspel-Kansas Investments" as a party defendant, an answer was filed by Edward M. Haspel, Maurice S. Kansas, and their liability insurer.
[2] A third defendant, Foremost-McKesson, Inc., owner of an ice machine in front of the Winn-Dixie store, was dismissed prior to trial and is no longer party to this action.
[3] LSA-C.C.P., art. 1810(B) provides:

"In an action tried by the court without the jury, after plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and the law, the plaintiff is shown no right to relief. Court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."