410 So.2d 1255 (1982)
Doyal BURRELL, et al., Plaintiffs-Appellants,
v.
Sandra F. KIRKPATRICK, et al., Defendants-Appellees.
No. 8556.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
Garrett & Ryland, Donald M. Garrett, and Cicardo & Rodenbeck, Eugene P. Cicardo, Jr., Alexandria, for plaintiffs-appellants.
Provosty, Sadler & deLaunay, Ronald J. Fiorenza, Alexandria, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
This is a non-jury suit for property damage and personal injuries resulting from a fire which occurred on the premises of 444 Highland Drive, Pineville, Louisiana, on February 6, 1979. The plaintiffs-lessees appeal from a judgment which granted defendants *1256 Sandra F. and Thomas K. Kirkpatrick's motion to dismiss. We affirm.[1]
The plaintiffs are Doyal and Doris Burrell. They rented an unfurnished apartment located at 444 Highland Drive, Pineville, Louisiana, from the defendant, Sandra Kirkpatrick, wife of Thomas K. Kirkpatrick, on or about November 1, 1978. The record shows that on January 2, 1979, the central heating unit in the apartment stopped functioning and was repaired by Ben O. Squires of Air Conditioning Appliance Corporation. When the repairs were completed the heating unit was fully operational. Mr. Squires testified that the heating unit was located in the attic in the center of the apartment. On February 5, 1979, the evening before the fire occurred in the apartment, only Doris Burrell and her son Michael Burrell were present. Doyal Burrell was at work. The weather was cold with a misty rain, and, according to some witnesses, there was occasional lightning and thunder in the area. Mr. Burrell testified that no cooking had been done, nor were any kitchen appliances used that evening. Both Mrs. Burrell and her son Michael testified that around 11:00 to 11:30 P.M. that evening the lights blinked off and on momentarily, and there was a noise in the attic. Mrs. Burrell had fallen asleep on the living room floor. When she woke up and saw the apartment on fire, she got her son up from bed and they exited through the front door. The fire occurred at approximately 3:15 A.M. on February 6, 1979.
The firemen who responded to the fire found it to be severe. They fought it from the rear and the inside of the building, and remained on the scene until approximately 6:15 A.M.
Plaintiffs-appellants attempted to establish the cause or origin of the fire through the testimony of Assistant Fire Chief Lee Deville of the Pineville Fire Department, who had been a firefighter for some twenty-seven years. He testified that the fire started in the back bedroom but that he could not tell if it started up in the attic or down on the floor. Mr. Deville was not allowed to give his opinion as to the cause of the fire due to the timely objection entered and sustained. No attempt at trial was made to qualify Mr. Deville as an expert on the causes of fires. At the conclusion of the plaintiffs' evidence, defendants' counsel moved for a dismissal of plaintiffs' suit under the provisions of La.C.C.P. Art. 1810(B), on the basis that plaintiffs failed to prove facts that would warrant recovery. The whole of that statute reads as follows:
"Art. 1810. Directed verdicts; motion to dismiss at close of plaintiff's evidence
A. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
The trial court granted the Motion, and the issue before us is whether the trial judge erred in so doing.
*1257 According to the provisions of La.C. C.P. Art. 1810, in a non-jury action, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. Trial judges have much discretion in determining whether a motion for a directed verdict should be granted. Broussard v. Missouri Pacific Railroad Company, 376 So.2d 532 (La.App. 3rd Cir. 1979).
In determining whether the plaintiff has shown a right to relief in the instant case, we must consider whether the trial judge erred in refusing to allow Assistant Fire Chief Deville to testify as an expert witness as to the cause of this fire. Discretion in qualifying experts rests with the trial court and absent an abuse of that discretion, the court's ruling will not be disturbed. Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4th Cir. 1981).
We observe however from the evidence that regardless of whether the Assistant Chief should have been allowed to testify as an expert witness, the plaintiffs have not shown their right to relief because they have not met their burden of proof. The Louisiana Supreme Court in Latham v. Aetna Casualty & Surety Company, 377 So.2d 350 (La.1979) summarized the plaintiff's burden of proof in an action to recover damages from his lessor under La.C.C.P. Art. 2695, as follows:
"Under this article, the occurrence of an accident or fire on leased premises does not give rise to a presumption that a defect in the premises caused the accident or fire...... In order for a lessee to recover damages from his lessor because of an alleged defect, vice or condition in the leased premises, the burden rests upon the lessee to prove by a preponderance of the evidence that a defect existed and that the defect caused the damages." (Citations omitted).
In Hartford Fire Insurance Company v. Maytag Company, 374 So.2d 1269 (La.App. 3rd Cir. 1979), even though it was conceded that the fire originated in the clothes dryer alleged to be defective, this court held that a defect was not proved, nor was causation proved, and therefore plaintiff's suit was dismissed.
The trial court did not err in granting the motion to dismiss because the plaintiffs showed no right to relief.
The plaintiffs, Doyal and Doris Burrell, contend that the trial court erred in refusing to allow the firefighter, Assistant Chief Lee Deville, to testify as an expert witness as to the cause of the fire. Mr. Deville had 27 years experience as a fireman. It is not always necessary to have formal training or education to qualify as an expert in a particular field, and experience alone may be sufficient to so qualify. However, no evidence was introduced at trial to prove Mr. Deville's competence as an expert in determining the causes of fires. A firefighter with many years experience is not necessarily an expert on the causes of fires. If he actually is, it would be a relatively simple task to lay the proper foundation to so prove. Here, no effort was made to qualify Mr. Deville as such an expert at trial. It was therefore not an abuse of discretion for the trial court to refuse to allow Mr. Deville to testify as to the cause of the fire in question.
Even if Mr. Deville's opinion testimony would have been allowed, the plaintiffs' evidence would have still remained insufficient to meet their burden of proof in this action. If the plaintiffs had proved the fire originated in the heating unit, it would have still been insufficient to support their claim. As illustrated by our decision in Hartford Fire Insurance Company v. Maytag Company, supra, where the origin of the fire was not disputed on appeal, the existence of a defect and causation must also be proved. Doyal and Doris Burrell failed to prove that a defect existed and that the defect caused the damages. They did not prove that the cause of the fire was more probable than not a defect for which the defendants as lessors were responsible. For example, the possibility that the fire was caused by lightning *1258 was not eliminated by the evidence. Neither was the possibility that the blaze was caused by a faulty appliance or by the fault of the plaintiffs. The only evidence designed to indicate that the heating unit caused the fire was the testimony by the plaintiffs which is suggestive and speculative at best. Mrs. Burrell and her son testified that the evening before the fire the lights blinked off and on momentarily and there was a noise in the attic. The repairman, Ben Squires had stated at trial that the heating unit was located in the attic. However, there was no other evidence adduced that this incident linked the heating unit to the fire. Additionally, it is possible that the lightning of the rainy evening caused the lights to flicker and the noise in the attic, and also later caused the fire early the next morning.
It is therefore evident that the plaintiffs did not prove that the cause of the fire was more probable than not a defect in the premises.[2] Thus, the trial court did not err in granting the defendants' motion to dismiss. It was not an abuse of discretion to decide that the plaintiffs had not shown their right to relief.
For the above and foregoing reasons, the trial court's judgment is affirmed and all costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Two other defendants, Sentry Insurance Company and Air Conditioning Appliance Corporation were dismissed from this suit prior to trial due to an amicable settlement with plaintiffs.
[2] In considering a motion to dismiss in a non-jury trial, under La.C.C.P. Art. 1810(B), the preponderance of evidence standard applies. Sevin v. Shape Spa For Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4th Cir. 1980); Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4th Cir. 1981). This standard is different than that for a motion for a directed verdict under La.C.C.P. Art. 1810(A) in a jury trial as set out in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979). See also Breithaupt v. Sellers, 390 So.2d 870 (La. 1980).