413 So.2d 956 (1982)
Antoine SEMIEN, Plaintiff-Appellant,
v.
PPG INDUSTRIES, INC., et al, Defendant-Appellee-Appellant.
No. 8601.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Rehearing Denied June 1, 1982.
Poteet & Landry, Walter J. Landry, Lafayette, for plaintiff-appellant-appellee.
Stockwell & Associates, John S. Bradford, Lake Charles, for Intervenor-appellee-appellant.
McGlinchey, Stafford, Mintz & Hoffman, C. G. Norwood, Jr., New Orleans, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
The appeal in this case poses two issues: (1) the proper standard to be applied in *957 motions for directed verdicts in non-jury trials under the Section B part of LSA-C. C.P. art. 1810 and (2) assuming that the judge in this case applied the proper standard, was his factual determination correct under the "clearly wrong" test of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mrs. Mary Fondel Semien, as curatrix of Antoine Semien, brought this suit against Caterpillar Tractor Company for injuries her husband sustained in May of 1977. PPG Industries intervened seeking recovery of compensation benefits it paid Mr. Semien as a result of the accident. After allowing both plaintiff and intervenor to present their cases in chief, the trial court granted defendant's motion to dismiss pursuant to LSA-C.C.P. art. 1810(B). Plaintiff and intervenor now appeal. We affirm.
On May 27, 1977, Antoine Semien sustained a head injury in an accident while in the course and scope of his employment with PPG Industries (PPG). Mr. Semien was employed as a packer at the pigments plant section of PPG in Lake Charles, Louisiana. He had been employed in this capacity for a number of years and had much experience in operating forklift trucks. Mr. Semien's work activities required that he operate a forklift truck on two levels of the plant's complex. The two levels are connected by a concrete ramp, which has a slope of about 20 percent and is covered with epoxy which is impregnated with sand to increase friction.
Apparently, Mr. Semien was injured while he was operating a forklift truck designated by PPG as No. 280. A short time after noticing Mr. Semien drive the truck up to the concrete ramp, a co-worker, Freddie Dargin, heard a sound which he thought to be Mr. Semien's hard hat hitting the floor. Mr. Dargin, who was working the conveyor line, looked up to see Mr. Semien seated upright in the forklift truck; he did not have his hat on and his head was "waving". The lift truck had just come up the ramp and was moving on the horizontal surface of the plant floor. The truck continued to move, slowly at that point, and had traveled approximately 50 feet from the ramp by the time Mr. Dargin was able to reach Mr. Semien and assist him. Mr. Dargin helped Mr. Semien to walk about 100 feet to the office, where others took charge of him and transferred him to St. Patrick's Hospital. Mr. Semien never lost consciousness.
Following the accident, Mr. Semien told Murray Davis, the PPG safety director, that just as he drove the forklift truck up the ramp and leveled off on the building floor, an object struck him in the eye. He claimed not to have seen or heard anything coming toward him. At no time did he complain of any malfunction or sudden movement of the forklift truck.[1] There was moving machinery in the vicinity of the accident, including the conveyor which Mr. Dargin turned off upon noting Mr. Semien's distress. Some PPG employees initially thought that something may have fallen or come loose from the conveyor which travels over the area where Mr. Semien was operating. No object was found on the floor in the area where Mr. Semien was injured, however.
The forklift truck itself was carefully examined by PPG personnel, and no defects or deficiencies were found. It was returned to service without repair or adjustment of any kind, and is still in service at PPG.
The case was tried on April 13, 1981, and following the plaintiff's case in chief the defendant moved for dismissal under LSA-C.C.P. art. 1810(B). After argument, the *958 trial court granted the motion and dismissed plaintiff's case with prejudice. After permitting the intervenor, PPG, an opportunity to present additional evidence, the court granted defendant's motion to dismiss the intervenor's claim on the same basis as the plaintiff. Both plaintiff and intervenor now appeal.

STANDARD FOR DIRECTED VERDICTS IN NONJURY TRIALS
The statute concerning directed verdicts is LSA-C.C.P. art. 1810, which provides in pertinent part:
"B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
In a number of recent decisions, Louisiana courts have held that in a judge-tried case, the trial judge has a responsibility to weigh and evaluate all the evidence and render a decision based upon a preponderance of the evidence. Sevin v. Shape Spa For Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4th Cir. 1980); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2nd Cir. 1981), writ denied, 397 So.2d 806 (La.1981); Bryan v. Varnado, 394 So.2d 1321 (La.App. 1st Cir. 1981); Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4th Cir. 1981); Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir. 1982), and Thomas v. Thom, 408 So.2d 442 (La.App. 1st Cir. 1981).[2] The position taken in these cases is correct. The trial court in this case did not err in applying the preponderance of evidence rule.

SUFFICIENCY OF PLAINTIFF'S EVIDENCE
The theory of the plaintiff and intervenor is that Mr. Semien's injury resulted from a design defect in the shifting or transmission system of the forklift truck he was operating. Plaintiff's experts testified that a defect existed because a single pedal, manipulated by the left foot of the operator, was susceptible of accidental or inadvertent misapplication by the operator. The single pedal was used to cause the forklift truck to go forward and to reverse depending on the manner in which the foot was moved. The experts theorized that some misapplication of the pedal by Mr. Semien caused the machine to stop suddenly or reverse so as to force Mr. Semien's head to come in violent contact with the steering wheel of the forklift truck. One reason the experts believed this happened is because the frame of Mr. Semien's glasses were bent into a shape which persuaded the experts that the frame had made forceful contact with the steering wheel so as to leave the wheel's imprint in the glasses' frame.
No one knows what happened. No one saw the accident. No proof exists that Mr. Semien's manipulation of the shift pedal caused his head to strike the steering wheel as the experts think happened. Plaintiff and the intervenor frankly rely on the circumstantial evidence rule. In essence the experts testified that the accident could have occurred in the manner and for the reasons they described. There is no proof that the accident did happen in that manner or for the reasons given by the experts.
The trial court found as a matter of fact that the identity of the object which struck Mr. Semien was never proved. Since the causation element of plaintiff's and intervenor's *959 case was not proved, it is unnecessary to inquire into the possible liability of the manufacturer of the forklift truck under a products liability theory.
Concerning the trial court's finding of fact, there is no basis on which the trial court's finding could be deemed "clearly wrong". The only evidence which the plaintiff put on to support his case was testimony of what could have happened to cause the injury. No evidence was presented to prove that the forklift in any way caused the injury. Plaintiff's entire case was based on supposition. Mr. Semien himself stated to the safety director at PPG that an object struck him in the eye. In this case, the victim was the only witness to the accident. Mr. Semien's statement does not fit into the theory that the forklift truck caused his injury.
In light of the lack of evidence, the trial court was not clearly wrong in determining as a matter of fact that the identity of the object which struck him was never proved by a preponderance of the evidence.
We therefore affirm the trial court's decision and assess all costs of this appeal half to the plaintiff-appellant and half to the intervenor-appellant.
AFFIRMED.
NOTES
[1] Mr. Semien apparently never indicated to anyone that he knew what caused his accident. Dr. Clinton E. Hart, the surgeon who attended to his wound, attempted to obtain a history of the accident. He testified that "the only thing I could obtain was that he had been struck by something." In September after the accident Mr. Semien began to suffer from depression and consulted Dr. Gilles R. Morin, a psychiatrist. Mr. Semien told Dr. Morin he did not know what happened. Within a short time Mr. Semien began to experience gradual mental deterioration, and at trial Dr. Morin testified that Mr. Semien ultimately reached a nearly vegetable mental condition and he would not know what was going on if he was brought to court.
[2] The position taken on behalf of plaintiff and intervenor is that the standard should be the same as that applied in jury trials; that is, that the evidence should be weighed in the light most favorable to plaintiff's case. See Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979). Under the Campbell rule the facts and inferences must point so strongly and over-whelmingly in favor of one party that the court must believe reasonable persons could not arrive at a contrary verdict. The cases cited in the text of our opinion demonstrate that in cases tried before a judge alone the rule of Campbell is inappropriate, and it is proper for the trial judge to evaluate the plaintiff's case in chief based on a preponderance of evidence.