FORET, Judge.
Archie Chandler and his wife, Betty Chandler, (plaintiffs) brought this action to recover damages for the alleged breach of a contract, entered into between themselves and defendants, for the construction of a swimming pool. Named defendants are J.W. Fuqua and Cicero E. Hines, d/b/a Hines and Fuqua Swimming Pools and/or Hines & Fuqua Construction Company.
Pursuant to the provisions of LSA-C.C.P. Article 1810(B)[1], defendants moved for a directed verdict after plaintiffs had presented their evidence. The trial court granted defendants’ motion, finding’that plaintiffs had failed to prove their case by a preponderance of the evidence. The trial court then dismissed plaintiffs’ claims against defendants with prejudice.
*1349 Plaintiffs appeal the trial court’s judgment granting defendants’ motion for a directed verdict.
FACTS
Plaintiffs entered into a written contract on June 29, 1978, with defendants for the construction of a swimming pool, the price of which was set at $9,000. The specifications for construction of the pool were set forth in the contract. In essence, it was to be kidney-shaped, 18 feet in width and 36 feet in length, with the depth ranging from 3 feet to 8V2 feet. It was to be constructed of gunnite, which is a form of concrete that is applied under pressure around a re-enforcing steel structure. Actual construction of the pool began either on the 9th or 10th of July of 1978 and was completed some seven days later. The pool, as constructed, is bowl-shaped in that the sides gradually slope down to the bottom. The depth ranges from approximately 2V2 feet to 8V2 feet.
Plaintiffs instituted this action alleging that defendants breached the contract entered into by the parties. Plaintiffs listed numerous defects in the construction of the pool in their petition and claim that it will cost $35,000 to remove the existing pool and properly construct a new one. Under the provisions of the contract, defendants guaranteed their work to be free from defects in material and workmanship for one year from the date of completion of said work.
PROPRIETY OF DIRECTED VERDICT
Plaintiffs contend that the trial court committed manifest error in granting defendants’ motion for a directed verdict. They argue that, based on the evidence presented by them, reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. This standard for determining whether or not a defendant’s motion for a directed verdict should be granted is inapplicable in cases such as this which are tried before a judge. It is used in those cases being tried before a jury. See Campbell v. Mouton, 373 So.2d 237 (La.App. 3 Cir.1979).
Sevin v. Shape Spa For Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4 Cir.1980), reasoned, at pages 1012 and 1013, that:
“Article 1810(B) basically tracts (sic) the language in the second sentence of F.R. C.P. Rule 41(b). We have no doubt this procedural innovation found its way into our state statutes via the conceptual origin in the federal system. One solution would be to utilize the logic in Madison v. Traveler’s Insurance Company, 308 So.2d 784 (La.1975) which held that when state rules of procedure are obtained from federal rules the state courts may look for guidance to federal decisions which have interpreted identical provisions. In Emerson Electric Co. v. Farmer, 427 F.2d 1082 (5th Cir., 1970) the Fifth Circuit in referring to F.R.C.P. rule 41(b) said: “The Judge should now ordinarily evaluate the evidence without making special inferences in the Plaintiff’s favor. The Court should go ahead and resolve the ease on the basis of preponderance of the evidence.” 427 F.2d at 1086.
In civil cases, following a complete trial, the trial judge has the responsibility to weigh and evaluate all evidence and ultimately render a decision based upon a preponderance of evidence. Suppose here following the plaintiff’s case in chief the defendant rested without presenting any evidence. Then the trial court would render its decision based upon the same facts it had when plaintiff rested. The outcome in this example would be the same as we now have before us with the granting of a directed verdict. Realistically, this defendant would not offer any evidence if this case was remanded for further proceedings. The district judge must eventually render a decision and it is reasonable and logical for him to apply the same standard to evidence following a motion for directed verdict or following a completed trial. Despite the harsh re- *1350 suits of a directed verdict, we have no alternative but to apply the standard of preponderance of evidence under the provisions of Art. 1810(B).” (Emphasis ours.)
See also Preyan v. United States Fidelity & Guaranty Company, 408 So.2d 1162 (La. App. 4 Cir.1981); Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4 Cir. 1981); Bryan v. Varnado, 394 So.2d 1321 (La.App. 1 Cir.1981); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2 Cir. 1981), writ denied, 397 So.2d 806 (La.1981).
The evidence shows that plaintiffs were restricted as to the size of a pool that could be constructed on their property because of a large palm tree located thereon. We note that much of the testimony given by the witnesses at trial is diametrically opposed. Defendants testified that they were requested to reduce the depth of the shallow end of the pool to 2V2 feet by plaintiffs, while plaintiffs testified that they made no such request. Plaintiffs stated that they were led to believe that when the contract specified that the pool would have a width of 18 feet, that that would be its width at its narrowest point. Defendants testified that a specification of a width of 18 feet meant that the average width of the pool would be 18 feet. Plaintiffs testified that defendant, Hines, told them that the concrete surface of the pool would be as smooth as their Formica top counter. Hines denied telling plaintiffs this.
The evidence does show that it was some nine or ten months after their pool had been constructed before plaintiffs began to complain to defendants about alleged defects existing in it. Plaintiffs introduced some photographs of the pool in evidence in an attempt to show these defects. However, these photographs were taken approximately nine months after the pool was constructed and failed to show anything more than normal wear. The trial court found that some of the photographs show that some maintenance work is needed on the pool, but that plaintiffs had failed to prove that defendants were responsible for performing this work. The trial court also found that the evidence showed that defendants had complied with the terms of the contract. After reviewing the record, we cannot say that either of these findings is clearly wrong.
Under LSA-C.C.P. Article 1810, the trial judge has much discretion in determining whether or not a motion for a directed verdict should be granted. Broussard v. Missouri Pacific Railroad Company, 376 So.2d 532 (La.App. 3 Cir.1979).
DECREE
It is our opinion that the trial court properly granted defendants’ motion for a directed verdict as plaintiffs failed to prove their case by a preponderance of the evidence.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.

. LSA-C.C.P. Article 1810(B) provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. Added by Acts 1977, No. 699, § 1. Amended by Acts 1978, No. 156, § 1.”