451 So.2d 632 (1984)
Burton D. MOTT, Plaintiff-Appellant,
v.
BABIN MOTORS, INC., et al., Defendants-Appellees.
No. 83-564.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*633 Brumfield & Brumfield, William P. Brumfield, Baton Rouge, for plaintiff-appellant.
Elmer G. Noah, II, Kostelka & Swearingen, J. Robert Wooley, and Davenport, Files, Kelly & Marsh, Mike C. Sanders, Monroe, Griffing & Johnson, George Griffing, Smith, Talloferro, Seibert, Booth & Purvis, Jonesville, and R. Randall Roche, Baton Rouge, for defendants-appellees.
Louis L. Vogt, Ferriday, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
Appellant Mott filed suit (No. 83-564) against Babin Motors (a wrecker service), the Catahoula Parish Sheriff's Office and its insurers, and the Louisiana Department of Transportation and Development, for personal injuries sustained in an accident. Appellant's employer, Roscoe Slay (d/b/a Manifest Gravel Company) also filed suit 451 So.2d 638, against the defendants herein for property damage incurred in the same accident. The two cases were consolidated at trial and remain as such on appeal. We will consider all issues of liability in the instant case, but will render separate judgments.

FACTS
During the early morning of September 17, 1980, a wrecker belonging to Babin Motors, Inc. responded to a call that a pickup truck was stranded in a ditch on Louisiana Highway 124. Wilfred Johnson, the driver for the wrecker service, found the truck located beside the northbound lane of the two-lane, two-way highway. Johnson positioned the wrecker perpendicularly to the road, blocking the northbound lane, and possibly a portion of the southbound lane, with its yellow rotating emergency lights on.
Will Poulk, a deputy with the Catahoula Parish Sheriff's Office, arrived at the scene. Johnson requested his assistance. The Deputy parked his patrol car on the opposite side of the highway (the southbound side) approximately 70 to 80 feet north of the wrecker, with the red emergency siren lights flashing. The patrol car was parked on the shoulder, possibly extending into part of the southbound lane.
At approximately 10:30 A.M., appellant Mott, while traveling in a southbound direction on Louisiana Highway 124, rounded the S-curve between 45 to 60 miles per hour. The curve was controlled by a 45 mile per hour speed limit sign. The fully loaded, 22-yard gravel truck crossed the center line to avoid the patrol car and attempted to veer back into the southbound lane but collided with the front bumper of the wrecker. The gravel truck overturned in the road approximately 90 feet south of the wrecker.
Mott and Slay filed suit for personal injury and property damage respectively. In preliminary proceedings, Sheriff Jackson of the Catahoula Parish Sheriff's Department was dismissed in his individual capacity but remained as a party defendant in his official capacity. At the conclusion of the second day of trial, both plaintiffs rested; the trial court granted motions for a judgment *634 of dismissal in favor of all defendants. Plaintiffs' lawsuit was dismissed with prejudice, at their costs, after a finding upon a preponderance of the evidence that plaintiffs failed to state a cause of action against defendants. The trial court also found that defendants were not negligent. Plaintiffs devolutively appealed.[1]

ISSUES
Appellant Mott alleges that the trial court erred in granting defendants' motion for dismissal prior to the submission of all evidence by plaintiffs; that the trial court erred in applying the wrong burden of proof as the matter relates to defendant Babin Motors, and defendant Jackson; and that the trial court erred in failing to find that Babin Motors and Jackson were negligent and/or in violation of the Louisiana Highway Regulatory Act.

DISMISSAL
At the end of plaintiff's case in chief, appellant Mott requested the Court to personally inspect the scene of the accident to aid and familiarize the Court with distances and the curve of the road, and therefore he argues that the presentation of his case was incomplete. However, the trial transcript reveals that after that motion was made, plaintiff-appellant then rested his case. Prior to the proposed inspection of the premises, the Court granted the motion for dismissal. Appellant Mott contends that the motion granted under La.C. C.P. Art. 1810(B) was untimely because it was granted prior to the Court's inspection, thereby rendering it defective.
La.C.C.P. Art. 1810(B) [now La.C.C.P. Art. 1672(B)][2] states:
"B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
In Smith v. Travelers Indemnity Company of Rhode Island, 374 So.2d 708 (La. App. 1st Cir.1979), the appellate court found that when the plaintiff had presented his case and had rested subject to a proffer and medical testimony, there was no error on the part of the trial judge in dismissing the suit against the defendant upon a motion for a directed verdict (by the defendant). The Court explained La.C.C.P. Art. 1810(B):
"We do not believe that the spirit or intent of La.C.C.P. art. 1810 B was violated by the dismissal of a suit on a question of liability where only medical evidence is missing."
At 712.
In the instant case, the plaintiff had presented his case completely. Aerial photographs of the relevant portion of Louisiana Highway 124 were introduced into evidence. Only the on-site inspection was forgone, which does not constitute missing evidence. The on-site inspection would merely have been a corroboration of other evidence already submitted to the Court. The Judge's visit to the accident scene would not have been an evidence-gathering mission. This Court stated in Bico Enterprises, Inc. v. Cantrell, 413 So.2d 260 (La. App. 3rd Cir.1982):
"It is well settled that a trial judge possesses the right to take into consideration his personal evaluation and observation of the disputed area, not for the purpose of supplying new evidence, but for the purpose of determining, when the *635 evidence adduced by the litigants with respect thereto is in hopeless conflict, which version thereof is worthy of belief. See Maturin v. Dronet, 288 So.2d 690 (La.App. 3rd Cir.1974); Sledge v. Aluminum Specialties, Inc., supra. Generally, visits by the trial court to sites which are the subject of the litigation are conducted only in instances where the testimony is so confusing and conflicting that such excursions aid the trial court in visualizing the disputed occurrence. Presumably, the trial court in the present case did not feel it necessary to conduct such a time-consuming activity because he was satisfied that the facts necessary to make a fair and impartial decision were contained in the record before him. We discern no error in this conclusion.
At 264-265.
The trial judge properly upheld the requirement for a judgment of dismissal [La. C.C.P. Art. 1810(B)]; it was properly entertained after the plaintiff had completed the presentation of his evidence.

BURDEN OF PROOF, NEGLIGENCE, AND THE HIGHWAY REGULATORY ACT
The trial judge determined that the plaintiffs failed to prove a prima facie case of liability against the defendants. The plaintiffs relied upon La.R.S. 32:141(A) which prohibits motor vehicles from being parked on a public highway unless other vehicles have clear passage and a clear view for 200 feet. Plaintiffs contend that the statute establishes a presumption of negligence as to the defendants:
"A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence."
Appellant argues that the burden of proof shifted to defendants which then required the defendants to affirmatively justify their position on the highway and further, that they had taken reasonable steps to warn other motorists. Appellant also argues that La.R.S. 32:141(A) imposes a duty upon operators of vehicles on state public highways not to stop in the roadway. The Louisiana Supreme Court has summarized the purpose of this statute in Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970), on rehearing, 242 So.2d 826:
"All of the statutes quoted above were designed so that the flow of traffic upon our public highways would not be impeded, and that those using the highways could anticipate that free passage would be afforded their vehicles upon the paved portion of our highways. In sum, they were designed to prevent blocking of traffic, which lends itself to the causation of accidents."
At 830.
Cf. Badeaux v. Patterson Truck Line, Inc., 247 So.2d 875 (La.App. 3rd Cir.1971), writ denied, 259 La. 77, 249 So.2d 209 (1971) (this Court discussed the relevancy and application of La.R.S. 32:141).
Appellant also argues that a duty-risk negligence theory is applicable in the *636 present case, especially when coupled with the violation of a statutory duty as contemplated by La.R.S. 32:141(A).
However, La.R.S. 32:24 grants an exemption in certain situations to emergency vehicles for most of the highway regulatory scheme. The statutory exception provides:
"A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
(1) Park or stand, irrespective of the provisions of this Chapter;
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
(4) Disregard regulations governing the direction of movement or turning in specified directions.
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible and visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."
Through this exception, both the Sheriff's Department vehicle and the wrecker service truck were exempt from the provisions of La.R.S. 32:141(A) while in the performance of emergency functions; both vehicles utilized the appropriate audible and visual signals which were sufficient to warn motorists of the emergency situation. The trial judge determined that the evidence established through the testimony of Mr. Mott, as well as Louisiana State Trooper Trunzler that the lights on both emergency vehicles were operating and in effect at all times prior to the accident. According to the provisions of the aforementioned statute, the defendant driver of the wrecker service vehicle further maintained his responsibility to protect traffic by enlisting the aid of Deputy Poulk, driver of an authorized emergency vehicle under the express definition of La.R.S. 32:1(1). The trial judge properly found that the defendant deputy driver of the authorized emergency vehicle did not fail to uphold his duty with due regard to the safety of all persons.
Additionally, testimony rendered at trial is determinative of whether the defendants used due care in warning approaching motorists. The testimony concerned the distance between the curve north of the accident scene and the parked patrol car placed on the southbound shoulder to warn motorists of the emergency. Mott, travelling south, rounded this curve just prior to the accident.
The plaintiff, Mott, estimated the distance at 150 feet. The defendants' witnesses estimated the distance at 200-300 yards. Apparently, the trial court accepted the testimony of the defendants' witnesses and concluded that the distance was such that the warning given by the defendant was an adequate exercise of due care to alert approaching motorists. We find no error in this conclusion, which fully supports the finding of no negligence on the part of the defendants.
A similar factual situation occurred in Sullivan v. Hartford Accident and Indemnity Company, 155 So.2d 432 (La.App. 2nd Cir.1963), writ denied, 245 La. 64, 156 So.2d 604 (1963). There, the appellate court found that a deputy sheriff, in responding to an emergency call, who had parked his vehicle a few feet on the shoulder of the highway while investigating an *637 accident was not guilty of actionable negligence. That court relied on the provisions of La.R.S. 32:24 to find that a driver of an emergency vehicle will only be held liable for negligence to the degree that it constitutes reckless disregard for the safety of others (unless this conduct is not reasonably required by the emergency situation). In the instant case, Deputy Sheriff Poulk was responding to an emergency situation and attempting to protect and give warning of an accident scene; both the Deputy Sheriff and the operator of the wrecker truck upheld the duty imposed through the use of the various signaling devices of their emergency vehicles.
Therefore, according to the provisions of La.R.S. 32:24, and the decision of the Sullivan case, the trial judge was correct in his finding that the defendants were not negligent. The trial judge concluded that their actions and behavior did not constitute a reckless disregard for the safety of others and that their actions were reasonable under the existing emergency situation. The trial judge examined the facts, circumstances, and relationship of the parties involved in the accident in the instant case, and determined that neither Babin Motors nor the Deputy Sheriff breached the duty owed to the driver of the gravel truck.
The appropriate standard in a non-jury trial is for the trial judge to consider all the testimony and render a decision based upon the preponderance of the evidence. In Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ denied, 415 So.2d 952 (La.1982), this Court discussed the applicable standard in a motion for dismissal:
"When a motion for a dismissal is filed under this provision, the proper standard to be applied by the trial court, in ruling upon the motion, differs from the standard to be used when a motion for a directed verdict is filed in a jury trial. In a non-jury trial, the trial judge, upon a motion under art. 1810(B) for a judgment of dismissal (upon completion of the plaintiff's case), must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence. Semien v. PPG Industries, Inc., 413 So.2d 956 (La.App. 3rd Cir. 1982); Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4th Cir. 1981)."
At 676. (Footnote omitted.)
In considering a motion for directed verdict in a bench trial, the standard applied by the court is a preponderance of the evidence. Semien v. PPG Industries, Inc., 413 So.2d 956 (La.App. 3rd Cir.1982); Bryan v. Varnado, 394 So.2d 1321 (La. App. 1st Cir.1981); Sevin v. Shape Spa for Health and Beauty, 384 So.2d 1011 (La. App. 4th Cir.1980). This standard allows the judge in a non-jury trial to make a determination of the facts and render judgment based upon his findings of fact. (The standard is different from the standard applied in jury trials where the judge is required to make a determination by applying the rule of whether the plaintiff's evidence is so insubstantial that reasonable men could not have arrived at a verdict contrary to that entered by the trial court. Campbell v. Mouton, 373 So.2d 237 (La. App. 3rd Cir.1979); La.C.C.P. Art. 1810(A).)
Since this was a judge trial, it was wholly within the discretion of the court to make the determination of the facts in response to the motion for dismissal and therefore enter judgment in favor of defendants.
The trial court has much discretion in determining whether a motion for dismissal should be granted. Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir. 1982); Broussard v. Missouri Pacific Railroad Company, 376 So.2d 532 (La.App. 3rd Cir.1979).
We find no abuse of the discretion of the trial judge and no manifest error in granting the motion for a dismissal.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Appellant Slay has not filed an appellate brief, therefore his appeal is considered abandoned. La.C.C.P. Art. 2164. See our opinion in Slay v. Babin Motors, Inc., et al., 451 So.2d 638 (La.App. 3rd Cir.1984).
[2] Transferred from the Jury Trials Section by Acts 1983 No. 534.