FORET, Judge.
This suit sounds in tort. Plaintiffs, James Hunt and Nellie Jane Hunt, filed suit against defendants, Norma Gardiner, Gossen Funeral Home, Inc., and Insurance Company of North America, to recover for injuries and damages they suffered in an automobile accident. Defendants filed a third party demand against the Lafayette Parish Police Jury, but, on defendants' own motion, this demand was dismissed without prejudice prior to trial. Also, before the start of trial, defendants and plaintiff, Nellie Jane Hunt, entered into a settlement agreement. As a result, the trial of this case, which took place before a judge alone, was limited to James Hunt’s main demand against defendants. At the end of plaintiff’s case in chief, defendants moved for and the court granted a directed verdict. Subsequently, the court entered judgment dismissing plaintiff's claims with prejudice. Plaintiff appealed.
Plaintiff’s appeal raises two issues:
(1) Whether the trial court applied the proper standard for granting a directed verdict when it granted such a verdict based on plaintiff’s failure to prove his *241 case by a preponderance of the evidence and,
(2) Whether the trial court’s factual findings were clearly wrong.
FACTS
On April 9, 1981, an automobile accident occurred involving a car driven by defendant, Norma Gardiner, and another car driven by Nellie Jane Hunt. The accident happened on Ridge Road in a rural part of Lafayette Parish. At the point where the accident occurred, the roadway was blacktopped, apparently with a number of patches, and did not have a painted center line.
Mrs. Gardiner was driving a 1979 Lincoln owned by defendant, Gossen Funeral Home, Inc. Her daughter, Judy, was a passenger in the car. Mrs. Hunt was driving a 1979 Oldsmobile in which her then husband, plaintiff James Hunt, was a passenger. Just before the accident, both cars were heading west on Ridge Road. The Hunt car was traveling at approximately 40 to 45 miles per hour as Mrs. Gardiner approached from the rear. Mrs. Gardiner attempted to pass the Hunt vehicle, but the two cars collided as she was passing. The cars ended up side by side on the left hand side of the road.
Mrs. Gardiner testified that the Hunt vehicle had pulled out into the left lane as she was passing and had forced her car off onto the left shoulder of the road. Mr. Hunt testified that at the time of the first collision, the car in which he was a passenger was in the right lane of the roadway. Mr. Hunt was apparently injured by a microwave oven which was on the back seat of the car at the time of the accident and which was propelled forward by the force of the collision.
STANDARD FOR DIRECTED VERDICT
Plaintiff contends that the trial court improperly applied the preponderance of the evidence standard in rendering a directed verdict. Plaintiff argues that the proper standard for such a verdict requires the trial court to deny the motion if it determines that, based on the evidence, reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. We, however, considered and rejected this contention in Chandler v. Fuqua, 420 So.2d 1348 (La.App. 3 Cir.1982). In that case we held that, in a trial by judge alone, the trial judge should grant a motion for a directed verdict if he determines that the plaintiff has failed to prove his case by a preponderance of the evidence. Quoting from Sevin v. Shape Spa for Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4 Cir.1980), we pointed out that:
“ ‘In civil cases, following a complete trial, the trial judge has the responsibility to weigh and evaluate all evidence and ultimately render a decision based upon a preponderance of evidence. Suppose here following the plaintiffs case in chief the defendant rested without presenting any evidence; Then the trial court would render its decision based upon the same facts it had when plaintiff rested. The outcome in this example would be the same as we now have before us with the granting of a directed verdict. Realistically, this defendant would not offer any evidence if this case was remanded for further proceedings. The district judge must eventually render a decision and it is reasonable and logical for him to apply the same standard to evidence following a motion for directed verdict or following a completed trial. Despite the harsh results of a directed verdict, we have no alternative but to apply the standard of preponderance of evidence under the provisions of Art. 1810(B).’ (Emphasis ours.)”
Plaintiff has called our attention to the recent Supreme Court case of Anderson v. McCarty, 462 So.2d 630 (La.1985), maintaining that this decision raises serious questions regarding the propriety of granting a directed verdict based on a plaintiff's failure to prove his case by a preponderance of the evidence. But, as plaintiff has admitted, the court in Anderson expressly reserved judgment on the issue of the prop *242 er standard for granting a directed verdict. Moreover, after a careful reading of Anderson, we are not even persuaded that the court in that case indicated any preference for one or the other standard.
While the majority in Anderson does not rule on the standard to be applied in ruling on motions for directed verdict, because it found that the case was not in proper posture to decide the issue, the dissenting opinion by Chief Justice Dixon seems to be in accord with our decision in Chandler v. Fuqua, supra. The dissent in Anderson states in part:
“The central issue on appeal is whether a directed verdict was proper, given the evidence adduced from plaintiffs’ case. In a case tried before a judge, a directed verdict should be granted only where the plaintiff has shown no right to relief at the close of his case [quotation of C.C.P. art. 1672(B) omitted]. The plaintiff must establish his claim by a preponderance of the evidence. ‘Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not.’ Prestenbach v. Sentry Insurance Co., 340 So.2d 1331, 1334 (La.1976); Marcotte v. The Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971).”
We remain convinced that the preponderance of the evidence standard best meets the intertwined goals of justice and judicial efficiency. Accordingly, we prefer to adhere to our decision in Chandler v. Fuqua, supra.
THE TRIAL COURT’S FACTUAL CONCLUSIONS
Having decided that the preponderance of the evidence standard is the proper standard for deciding a motion for directed verdict in a trial by judge alone, we must now consider whether the trial court was clearly wrong in determining that plaintiff had failed to prove his case by a preponderance of the evidence. A careful reading of the record convinces us that the trial court’s decision was correct. To a great degree, the trial court was called upon to judge the credibility of the witnesses. In this regard, the trial court has great discretion and there is not the slightest evidence that the trial court abused this discretion.
Only three witnesses testified at trial as part of plaintiff’s case in chief. Mrs. Gard-iner, under cross-examination, unequivoca-bly testified that the car driven by Mrs. Hunt, in which plaintiff James Hunt was a passenger, pulled out into the left lane as she was attempting to pass it and pushed her car off the road. For her part, Mrs. Hunt was not certain that her car was not in the left lane when the first contact between the cars occurred. Only Mr. Hunt testified that the Hunt car was definitely in the right lane at the time of the first collision. The position of the cars following the accident, i.e., on the left hand side of the road, tends to support Mrs. Gardiner’s version of the accident. Mr. Hunt attempted to explain the positions of the cars after the accident by claiming that the car belonging to him and his wife had been dragged by Mrs. Gardiner’s car when the back bumper of Mrs. Gardiner’s car hooked the fender of their car. This explanation was pure conjecture on plaintiff Hunt’s part since, from his position in the car, he could not see this occur. Plaintiff, James Hunt, failed to prove by a preponderance of the evidence that defendant, Norma Gardiner, was guilty of any negligence which was the cause of the accident and his resulting injuries and damages. The decision of the trial court in this regard was correct.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by plaintiff-appellant, James Hunt.
AFFIRMED.