FORET, Judge.
This is a suit to recover damages for personal injuries sustained when plaintiff fell to the floor after having had her chair slide out from under her. Named as defendants were Calcasieu Marine National Bank, employer of plaintiff; Carolyn Stewart, plaintiff’s supervisor at defendant bank; Vernon Semien, who allegedly pulled plaintiff’s chair out from underneath her; and Philip Malbrough, owner of the club where the accident occurred.
After having dismissed plaintiff’s claims against Calcasieu Marine and Carolyn Stewart at plaintiff’s request, and on sustaining motions of improper venue and improper cumulation of parties, filed by the defendants, the trial court granted directed verdict in favor of defendants Semien and Malbrough.
There are conflicts in the testimony as to exactly how the accident occurred. However, certain facts are clear. Plaintiff’s injury occurred on February 16,1985, while she and other patrons were in attendance at a wedding reception being held at the Blue Knight Club in Church Point, Louisiana. Present at the club was Vernon Sem-ien. He was stamping the hands of the patrons as they entered. During the course of the reception, Semien became the target of an angry crowd for reasons we need not discuss. With bottles and ashtrays being thrown at him, Semien hurriedly made his way through the darkened nightclub. About this time, plaintiffs chair either fell or was knocked down and plaintiff fell to the floor and was injured.
Discrepancies appear in the testimony with regard to the manner in which the incident occurred. According to her own testimony, plaintiff stated that Semien came up to her, told her a few words that weren’t nice, and then pulled her chair out from under her. She stated that her sister-in-law hurried and pulled her out of the way because there were people following *1167 ; Semien. Plaintiff was unable, however, to correctly respond to the question of whether or not Semien stopped or ran by her.
Brenda St. Julien, a friend of plaintiffs who was seated at the same table as she, testified under direct examination that the defendant did not say anything to plaintiff and just passed by and pushed the chair, because he was running. On cross-examination, St. Julien stated that defendant grabbed the chair and pulled it out from under plaintiff. After further questioning on cross-examination, St. Julien stated that “they pushed her down.” She further testified that there were people entering the club, but it didn’t look like they were after the defendant.
Erroll Mitchell, a patron at the club, testified that ashtrays and bottles were being thrown and that the crowd was after the defendant. He stated that he “went after” the defendant but could not catch him. Mitchell stated that defendant got away from the crowd somehow and went behind the bar.
The trial judge found that the defendant was fleeing from the crowd’s hot pursuit for his own safety; that it was dark in the place; and that defendant did not intend to hurt anybody. The judge further stated that, “Plaintiff just hasn’t carried the burden of proving that Mr. Semien negligently hurt this lady.”
The preponderance of the evidence rule is the standard for directed verdicts in non-jury trials. La.C.C.P. art. 1810; Semien v. PPG Industries, Inc., 413 So.2d 956 (La.App. 3 Cir.1982). After reviewing the record, we cannot find that the trial judge lacked a reasonable factual basis for her finding. By reaching this conclusion, we need not determine issues of vicarious liability on the part of the co-defendant bar owner, Philip Malbrough.
Therefore, we affirm the judgment of the trial court and assess the costs of this appeal against plaintiff-appellant.
AFFIRMED.